UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

DOYE L. HEARD -AKA-
DOYLE L. HEARD,
    PLAINTIFF,

                                        JAN 16 2026 PM 12:19
                                        FILED - USDC - FLMD - TPA

v.                             Case No.: To Be Designated

                                      8:26-cv-138-JLB-CPT

PUBLIX SUPERMARKETS INC.,
NEW LEAF MARKETS INC., et. al.,
    DEFENDANT(S).

_____/

### RELATION BACK AMENDMENT TO ORIGINAL CIVIL RIGHTS COMPLAINT PURSUANT TO FED. R. CIV. P. (9(b), 11 AND 15(c)) FRAUD, IN ACCORDANCE WITH TITLES 28 U.S.C. SECTION 1331, SECTION 1441(b)

COMES NOW, the Plaintiff/Complainant, Mr. Doye L. Heard, to commence amendment to the original civil rights cause in accordance with the federal title 28 U.S.C. Section 1331, as conduct, transaction(s) or occurrences set out or attempted to be set out in the original pleading arose out of the same continuous, perpetual civil rights violations presented in the original complaint set-forth in the statement of facts, under the constitution, laws, or treaties of the United States, defined as <u>fraud</u>, intentional misrepresentation of material facts, mistake and/or malicious, vindictive, deliberate deceit, fraudulent intent to cause the plaintiff harm, injury, pain

suffering and mental anguish, (to and on) the plaintiff, the plaintiff's family, friends and associates; causing a direct threat to the life, liberty and property of anyone found in the company or immediate vicinity of the plaintiff, by fraudulently labelling, identifying the plaintiff as a "fugitive from justice," high risk dangerous, to be apprehended dead or alive; when in fact, the alleged warrant issued April 11th, 2012; has and has always been proven to be "fraud, bogus, counterfeit," predicated on false, misrepresentation, untruths and a part of the continuous scheme, fabricated conspiracy between the Defendants, manufactured to intentionally, purposefully to cause harm to, injury to, pain and suffering to, ultimately imprisonment and possibly death to the plaintiff/complainant, in violation and total complete disregard of his constitutional civil rights, while acting under color of state and federal law(s).

## STATUTE OF LIMITATIONS

The governing Florida statute(s) section(s) 95.051 (2012) and 95.11 (2012) the controlling year the Defendant(s) initiated by filing the fraudulent arrest/fugitive warrant placing the plaintiff's life, liberty and property in jeopardy is "grandfathered in" and allows a

2

period of twenty (20) years for the offense violations occurrences claimed. The last act, even or occurrence "element", giving rise to the amendment complaint is/was the issuance of the extraordinary Writ of Habeas Corpus, granting the plaintiff relief/release from the unlawful detention; brought on, as the result of the fraudulent filing and issuance of the fugitive arrest warrant of the Defendants.

The extraordinary writ as alleged, proved clear and convincingly, the plaintiff's arrest based on the Defendant(s) acts, actions deceit and conspiracy of the bogus fraudulent warrant was/is unfounded, unsupported and a violation of the plaintiff's constitutional civil rights, as initiated by the Defendants acting under color of state laws, April 11, 2012. The warrant arrest triggered an alleged conditional release violation, that never occurred, F.S. 947.141(6), fraudulent Florida statutes section, 95.051 (2012) "When limitations tolled" (1). (d). states, subsection:

> "The adjudicated incapacity, before the cause of action accrued, of the person entitled to sue. In any event, the action must be begun within seven (7) years after the act, event, or occurrence giving rise to the cause of action; that is, "<u>amendment</u>".

(G). states, subsection:

"The pendency of any arbitral proceeding pertaining to a dispute that is the subject of the action." That is, "<u>The extraordinary writ pertaining to the fugitive warrant</u>."

## AUTHORITY AND BASIS FOR INVOKING CIVIL RIGHTS VIOLATION OF FED. R. CIV. P. 9(b)

Florida Rules of Civil Procedures, "pleading special matters", (12.120), Florida Statutes section(s) 95.051 and 95.11 (2012), states this matter/action may be brought within twenty (20) years of an action, cause determination, decision of a Court of record in the state of Florida. The Court(s) of record(s) determined, (2018, 2019 and 2019); In <u>Heard v. Publix Supermarkets Inc., et. al.</u>, first district Court of appeals (1DCA) Case No.: <u>258 So.3d 388 (2018)</u>, Florida Supreme Court, Case No.: <u>SC19-119(2019)</u> and the northern district, United States district Court, Case No.: <u>4:19-CV-17-RH-CJK (2019)</u>, for purpose of "a Court of record" in the State of Florida.

The original Case No.: 2015-CA-4168, transferred complaint, over plaintiff's objection, to an advantageous venue for Defendant(s), Leon County, Case No.: 2016-CA-2112 #6 <u>venue</u>, where Court opted to dismiss. The amended relations back complaint is filed under the original jurisdiction of the federal Court(s) in accordance with federal rules of civil procedure 9(b), rule (11) and 15(c), title 28 U.S.C.

4

section(s) 1331, 1441(b), 1443, 1445 and 1447, as these may apply to proceedings and "amend state complaint(s)" and "relations back of amendments Fed. R. Civ. P. (15) subsection(s) (c), (c)(1). Relates back, (A) applicable statutes of limitation(s) (B) arose out of original pleading and federal rules of civil procedures (9)(b) <u>fraud</u>.

"Whether Intrinsic <u>or</u> Extrinsic Misrepresentation"

### ADDITIONAL TO ORIGINAL STATEMENT OF FACTS AND FRAUD, ORIGINAL HEREBY INCORPORATED

In addition to an in conclusion of, the facts, occurrences, statements present by and through the original civil rights complaints, "<u>TORT</u>" complaints hereby incorporated, as an on going perpetual scheme of "<u>Fraud</u>", designed, implemented, implored, fabricated and carried out to the plaintiff's detriment; resulted in over-more than ten (10) years of wrongful, false, deceptive imprisonment, triggered by the Defendant's filing, lodging, the mechanism counterfeit bogus, fraudulent fugitive arrest warrant, in the circuit Court of the second judicial circuit, in and for, Leon County Florida, on or about April 11th, 2012 Case No.: 2012-CF-1149, (spn.) 223828.

The acts and actors, the Defendants, knew or should have known that the alleged, allegations, accusations as presented as factual and sworn to be true, were in fact, false, misrepresentations of material facts for sole purpose to cause harm, injury, pain and suffering, wrongful imprisonment of the plaintiff. The Defendants conspired actions were willful, intentional deceit, sworn to under oath and a misrepresentation of the plaintiff's actions, conduct blatant fraud.

The Defendants had and have a responsibility to present truthful, accurate, reliable, verifiable information and evidence to the Florida judicial system, before and at the time filing fugitive arrest warrants, against U.S. citizens. No caution, regard for the rights of safety of the plaintiff was given before filing the felony fugitive arrest warrant. On or about, April 11th, 2012, the warrant issued on or about April 2, 2014, the plaintiff was apprehended -arrest was allegedly, "passing worthless bank check." (P.W.B.C.) in Dekalb County Georgia. The apprehension was without formal official arrest. The plaintiff was to be held detained for a period of ninety (90) days, pending a hearing for extradition. The warrant's detention should

have expired, June 27, 2014, the detention, detainment was unlawfully extended until June 30th, 2014.

On or about, June 30th, 2014 at (9:00 AM), the Leon County Sherriff Department came by transport van, to the Dekalb County Jail facility to execute transport back to Tallahassee, Leon County, Florida, based on the expired extradition warrant, Case No.: 12-CF-1149. On or about, October 15th, 2014, the Leon County criminal judicial system dismissed the alleged charge of (P.W.B.C.)

At no time was the plaintiff formally officially or legally arrested, arraigned and/or released from April 11th, 2012 until October 15th, 2014, to constitute or be labelled as a "fugitive". Documents used by the Leon County sheriff's office stated "Leon County Sheriff Deputites" arrested the plaintiff, in or at the Dekalb County, Georgia facility. No jurisdiction, authority or constitutional provision granted, the Leon County Sheriff Department deputies' jurisdiction in the Dekalb County Georgia facility to make arrest. If an arrest, arraignment or initial formal proceeding took place against the plaintiff, Doyle L. Heard, in and for the counties of Leon Florida, Dekalb Georgia for the alleged felony fugitive arrest warrant, a _record_ of the (these) proceedings _must_ exist. No record exists because it "_never_

<u>happened</u>". Federal jurisdiction is invoked based on removed cross state lines, intrinsic extrinsic causes of action. Plaintiff established venue in "Polk County Florida" originally.

> "It is established Rule of Venue; that it is, Plaintiff's prerogative to select venue and, as long as, selection is one of alternative's provided by statute, plaintiff's selection will not be disturbed."

IN THE CIRCUIT COURT OF THE TENTH (10ᵀᴴ) JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY
LAKELAND, FLORIDA

DOYLE L. HEARD -AKA-
DOYE L. HEARD,
    Plaintiff,

Vs.                                    Case No.: _____

PUBLIX SUPER MARKET,
CORPORATE OFFICE,
NEW LEAF MARKET, INC.
ERIC IRONS, EMPLOYEE (RECORDS CUSTODIAN)
HEATHER MURPHY, AFFIANT, et. al.,
    Defendants,

FILED-CIVIL LAW
2015 NOV 23 PM 1: 32
STACY H. BUTTERFIELD
CLERK OF CIRCUIT COURT
POLK COUNTY,FLORIDA

53-2015-CA-004168-0000-00

---

### TORT COMPLAINT CIVIL ACTION

---

Comes now the Plaintiff, Doye L. Heard, in proper person pursuant to the Florida Rules of Court, Civil Procedure (Rule 1.040) and Federal Civil Judicial Procedure (Rule 4), to respectfully move and commence civil action against Defendants named in this cause of action:

### Claim for Relief

Fla. R. Civil Procedure 1.110 and Fed. R. Civ. P. (9) provides, the Plaintiff states, the Defendants committed fraud, resulting in False Imprisonment, cruel and unusual punishment and violation of Plaintiff's right to liberty. The Defendant's conspired to file false Affidavit seeking a State and/or Federal Capias (warrant) to issuance alleging "theft by passing worthless

PROVIDED TO
HOLMES CI ON

NOV 20 2015

FOR MAILING

1

bank checks." The allegation(s) proved to be false/fraudulent without merit, subsequently, dismissed, subject to "rough ride", having no merit, force nor criminal substance.

*See Attached* Copy of Capias and Amended Information for: Grand Theft By P.W.B.C.


Defendant(s):

(1) Publix Super Market, Corporate Office, at 3300 Publix Corporate Parkway, Lakeland, Florida 33811. As Respondent superior.

(2) Employee: Eric Irons, (Custodian of Records) Publix Super Market.

(3) New Leaf Market, Inc., at 1235 Apalachee Parkway, Tallahassee, Florida, 32301, Respondent Superior.

(4) Heather Murphy, (Employee/Affiant), New Leaf Market, Inc.


## Statement of Facts Relied Upon

(1)     On or about, June 06, 2012, a sworn complaint affidavit was filed for worthless checks, against the Plaintiff. On or about April 11, 2012 and between June 14, 2012 and July 23, 2014, formal criminal charges were filed and commenced in the circuit court of the Second Judicial Circuit, in and for, Leon County, Florida (Felony Division). *See Attached* Amended Information for: Grand Theft by P.W.B.C., Case No.: 12-CF-01149.

2

(2)     On or about April 02, 2014, while in the State of Georgia, County of Dekalb, City of Stone Mountain, Decatur, the Plaintiff was stopped and I.D. by the Dekalb County Police Department, on a random check. The officer discovered an out-standing warrant had been filed and active, against, the Plaintiff, in reference the above Case No.: 12-CF-01149, Publix Supermarkets and New Leaf Market, Inc.

(3)     The Plaintiff was taken into detained custody by the Dekalb County Authority, held from April 02, 2014 to June 30th, 2014, pending extradition hearings and procedures predicated on the Out-of-State (Florida) warrant, issued/filed by Publix Supermarkets and New Leaf Market, Inc. for alleged "Grand Theft by passing worthless bank checks."

(4)     The Plaintiff was subjected to constitutional civil rights infringements, having never been lawfully legal arrested for the alleged warrant charges the Plaintiff was held; more than, seventy-two (72) hours beyond and after the expiration of the Governor's extradition warrant's validity, extradited on an expired warrant.

3

(5)      The  Plaintiff  was  transported  in  a  Leon  County
Sheriff's  Transport  van  and  was  subjected  to  what  has  since
been  called  "(The  Rough  Ride)",  for  more  than  five  and  a
half  hours  (5 ½),  for  more  than  six  hundred  (600)  miles,
from  Decatur,  Georgia  to  Leon  county,  Tallahassee,  Florida.
The  Plaintiff  was  shackled,  handcuffed  and  leg  irons,  no
rest-room  access,  no  seat  belt  safety  restraints,  in  the
heat  of  summer  June  30th,  2014,  from  approximately  (9:00
A.M.  until  4:00  P.M.).  The  Plaintiff  received  no-lunch,
water  or  opportunity  to  rest,  stretch  or  relieve  himself.
The  Plaintiff  is/was  a  sixty-three  (63)  now,  sixty-four
(64)  years  of  age,  on  medications  for  health  condition(s).


(6)      Because  no  formal  arrest  was  carried  out,  no  arrest,
papers,  documentation  and  other  legally  required
verification  of  custody  accommodated,  the  Plaintiff's
transport;  tantamount  to,  "human  trafficking"  kidnapping.
Upon  arrival  at  the  Leon  County  Jail  Facility,  the
Transport  Officer,  proceeded/processed,  manufactured  a
false  police  report  and  affidavit  of  probable  cause  to
facilitate  the  Plaintiff's,  admittance  acceptance  by  the
Leon  County  Sheriff's  Office  (Jail);  *please  see  attached*
Arrest  Report  and  Statement.

4

(7)     The Plaintiff entered "not guilty" plea on the alleged
warrant/capias charges sought and issued by the Defendants.
After numerous court appearances in this Case No.: 2012-CF-
01149, on or about October 15th, 2014, the charges against
the Plaintiff, for alleged "Grand Theft by passing
Worthless Bank Checks" was judicially disposed of by
dismissal, dropped.

(8)     The Plaintiff suffered a violation of parole based on
"contact with law enforcement." *See Attachment* "Notice of
Intent to Introduce Records of Regularly Conducted Business
Activity at Violation Hearing by Means of Certification."

## RELIEF SOUGHT

The Plaintiff seek an order of declaratory judgment,
declaring Plaintiff's liberty was violated resulting from the
Defendant's action and/or non-actions, filing of charges for
"Grand Theft by Passing Worthless Bank Checks, Fraudulent
Detention, and subject to the "Rough-Ride" in Police Van.
Plaintiff request monetary compensatory judgment in the
expressed amount of two and one half million **(2,500,000.$^{00}$)**
dollars, punitive damages for loss of home, personal belongings,
status in church family, reputation libel and slander, car, job

5

and violation of parole, false imprisonment in the expressed amount of five million **(5,000,000.⁰⁰)** dollars, any and further judgment this Honorable Court deems just and equitable, it be so prayed.

Done and prayed, this _20ᵗʰ_ day of November 2015, by the personal hand of the Plaintiff.

Respectfully Submitted,

_Doyle L. Heard_

Doyle L. Heard -AKA- Doye L. Heard
DC# 0-079390, *Signature of Plaintiff*
Holmes Correctional Institution
3142 Thomas Drive
Bonifay, Fl. 32425

### **DEMAND FOR TRIAL BY JURY**

The Plaintiff further request, seek and demand a jury trial to resolve all disputed facts and requested relief.

Done this _20ᵗʰ_ day of November 2015, by *pro-se* Plaintiff.

_Doyle L. Heard_

Doyle L. Heard -AKA- Doye L. Heard
DC# 0-079390, *Signature of Plaintiff*

6

## DECLARATION

**I declare under penalty of perjury** that the foregoing is true and correct.

**Executed on:** _November 20th, 2015_

_Doyle L. Heard_
Doyle L. Heard –AKA– Doye L. Heard
DC# 0-079390, *Signature of Plaintiff*

## CERTIFICATE OF SERVICE

**I declare** (or certify, verify, or affirm) **under penalty of perjury** that this complaint was delivered to prison officials for mailing: The _20th_ day of November 2015.

_Doyle L. Heard_
Doyle L. Heard –AKA– Doye L. Heard
DC# 0-079390, *Signature of Plaintiff*
Holmes Correctional Institution
3142 Thomas Drive
Bonifay, Fl. 32425

7

FROM:                                                                    07/01/2014 13:20    #845 P.009/022

SA Number  3712MC.10444  (official use only)

# SWORN COMPLAINT FOR WORTHLESS CHECKS
(type or print only)

L SFN
223828

This form is to be filled out as completely as possible by the person seeking prosecution for issuance of a worthless check issued by the person described herein. One form must be completed for each check. The ORIGINAL check must be attached to this Sworn Complaint.

Date Received:   Month  1    Day  21    Year  2012

Check Received From:   Dave L. Huard

Address:   323 Macon Road, Tallahassee, FL 32312

Date of Birth:   Month ____  Day ____  Year ____  Sex ____  Race ____      SS#: _____

Drivers License ▉▉▉▉▉-215-0

Place of Employment: _____      Work Phone: _____

Can you identify the Defendant:   Yes ____   No ✓      Home Phone: _____

VICTIM: (If Business, Legal Name)   New Leaf Market, Inc.

Address:   1235 Apalachee Parkway, Tallahassee, FL 32301

Person Who Accepted Check: _____

Address: _____

Home Phone: _____    Business Phone: _____    Position/Title: _____

THE UNDERSIGNED, UNDER OATH, STATES that the above named check writer did draw, make, utter, issue or deliver a worthless check, the original submitted with this affidavit, and that the answers to the following questions are true and correct:

Check was received in: (City, County, State)   Tallahassee, Leon, Florida
Amount of check:  $24.99                          Check No.  1093
Check was accepted for: (check one)               Check was returned for: (check one)
Cash                                              Insufficient Funds ✓
Merchandise ✓                                     Account Closed
Payment on Account                                Payment Stopped
Other (Describe)                                  Other (Describe) _____
Defendant has ✓ has not ____ been sent a certified or registered mail notice OR has been sent a notice by 1st class U.S. Mail (Sworn Affidavit Attached) and fifteen days have passed since the notice was mailed (attached copy of notice: Was check delivered by: Mail ____ Check Writer ✓ Other ____:
Was check postdated: Yes ____ No ✓ , Were you asked to hold or delay deposit:
Yes ____ No ✓
THE FOREGOING IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

SIGNATURE OF AFFIANT: _[signature]_

PRINT NAME:   Heather Murphy

ADDRESS:   1235 Apalachee Parkway, Tallahassee, Florida 32301

BUSINESS PHONE:   (850) 942-2557 ext. 254

The State Attorney has no authority to enforce restitution and I agree to cooperate fully and will appear to testify. I understand that once I have signed this complaint I have no authority to drop charges without the prior consent of the State Attorney.

Sworn to and subscribed before me on this  16  day of  JUNE , 2012.

Signature of Notary Public _[signature]_
Print, Type or Stamp Commissioned Name of Notary Public

Personally known ✓  or Produced Identification ____
Type of Identification Produced: _____

[Notary Seal]
LARHAE HAWTHORNE
MY COMMISSION # DD 000831
EXPIRES: September 7, 2014
Bonded Thru Notary Public Underwriters

07/23/2014  07:42    8506278783                    FPC                                    PAGE  02/06



## CERTIFICATION OF RECORDS

I, **Eric Irons**, as Records Custodian for **Publix Supermarkets (1700 N. Monroe Street, Tallahassee)** and **Publix, store #782 (800 Ocala Road, Tallahassee)**, do hereby certify the following records to be true and correct copies of the original records maintained in the official records of Publix:

1) Check # 1076, in the amount of $25.00, dated 01/17/2012, on Doye L. Heard's account, returned for insufficient funds on January 30, 2012.
2) Check # 1102, in the amount of $35.00, dated 01/25/2012, on Doye L. Heard's account, returned for insufficient funds on February 7, 2012.
3) Check # 1103, in the amount of $20.00, dated 01/25/2012, on Doye L. Heard's account, returned for insufficient funds on February 7, 2012.
4) Check # 1104, in the amount of $25.00, dated 01/23/2012, on Doye L. Heard's account, returned for insufficient funds on January 31, 2012.
5) Check # 1081, in the amount of $75.00, dated 01/06/2012, on Doye L. Heard's account, returned for insufficient funds on January 20, 2012.
6) Check # 1064, in the amount of $25.00, dated 01/12/2012, on Doye L. Heard's account, returned for insufficient funds on January 27, 2012.
7) Check # 1072, in the amount of $75.00, dated 01/05/2012, on Doye L. Heard's account, returned for insufficient funds on January 20, 2012.
8) Check # 1119, in the amount of $25.00, dated 01/24/2012, on Doye L. Heard's account, returned for insufficient funds on February 1, 2012.
9) Check # 1075, in the amount of $25.00, dated 01/14/2012, on Doye L. Heard's account, returned for insufficient funds on January 27, 2012.

These documents pertain to the reports of the returned checks for insufficient funds and contain a copy of the check that was returned.

I further certify that these records were: a.) made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person or device having knowledge of those matters; b.) kept in the course of the regularly conducted activity; and c.) made as a regular practice in the course of the regularly conducted activity.

Dated this ___23rd___ day of July, 2014.

Eric Irons
Records Custodian
Publix Supermarkets
777 Capital Circle SW
Tallahassee, Florida 32305

DEFENDANT: _Faye Heard_
CASE NUMBER: _3712FC06412_
SPN: _223878_

| Ck # | Date | Victim | Amt. | S.C. | Total |
|------|------|--------|------|------|-------|
| 1076 | 1-17-12 | Publx 1700 N. Monroe | 25.00 | 25.00 | 50.00 |
| 1102 | 1-25-12 | '' '' | 35.00 | 25.00 | 60.00 |
| 1103 | 1-25-12 | '' '' | 20.00 | 25.00 | 45.00 |
| 1104 | 1-23-12 | '' '' | 25.00 | 25.00 | 50.00 |
| 1081 | 1-6-12 | '' '' | 75.00 | 30.00 | 105.00 |
| 1064 | 1-12-12 | '' '' | 25.00 | 25.00 | 50.00 |
| 1072 | 1-5-12 | '' '' | 75.00 | 30.00 | 105.00 |
| 1119 | 1-24-12 | '' '' | 25.00 | 25.00 | 50.00 |
| 1075 | 1-14-11 | '' 800 Ocala Rd | 25.00 | 25.00 | 50.00 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

NSF

NSF

01/30/2012
0000000004948
This is a LEGAL COPY of your
check. You can use it the same
way you would use the original
check.

RETURN REASON-A
NOT SUFFICIENT FUNDS

Document Seq #
KNBHLOND
01/30/12

H C 3 0 1 7 2 5 1 2 1 5 0

DOYE L HEARD   11-2011
323 MACON RD
TALLAHASSEE FL      32312

1076
63-1279/631

01-17-2012

PAY TO THE
ORDER OF _____ Publixo Grocery _____ | $ 25.00

_____ Twenty five ⁰⁰/₁₀₀ _____ DOLLARS

**Hancock Bank.**

For Purchases

⌐000000 2500⌐

⌐000000 2500⌐

# IN THE CIRCUIT COURT OF SECOND JUDICIAL CIRCUIT
## IN AND FOR LEON COUNTY, FLORIDA
### FELONY DIVISION

7E

STATE OF FLORIDA

VS.

HEARD, DOVE L
323 MACON RD
TALLAHASSEE FL 32312

SEX: M        SPN: 223828      ALIAS:
HGT:          RACE: UNKNOWN
WGT:          DOB: 15-JUN-51
EYE: UNKNOWN  HAIR: UNKNOWN

## CAPIAS
**************************

TO ALL AND SINGULAR, THE SHERIFFS OF THE STATE OF FLORIDA. THIS IS TO COMMAND YOU TO TAKE HEARD, DOVE L IF HE BE FOUND IN YOUR COUNTY, AND HIM SAFELY KEEP SO THAT YOU HAVE HIS BODY BEFORE ONE OF THE JUDGES OF THE CIRCUIT COURT AT THE LEON COUNTY COURTHOUSE, INSTANTER, TO ANSWER AN INFORMATION NOW PENDING IN THE CIRCUIT COURT OF LEON COUNTY ON THE CHARGES DESCRIBED BELOW.

| CASE NUMBER | CHARGE LITERAL | BOND |
|---|---|---|
| 2012CF1149A1 | GRAND THEFT BY P.W.B.C. | $1500 |

GIVEN UNDER MY HAND AND SEAL OF OFFICE AT TALLAHASSEE, FLORIDA THIS 11th DAY OF APRIL   , 2012.

BOB INZER, CLERK

BY: _____ D.C

**************************************************
**************************************************

### SHERIFFS RETURN

RECEIVED THIS CAPIAS ON _____ _____, _____, AND EXECUTED THE SAME ON _____ DAY OF _____, _____ BY PLACING THE DEFENDANT IN THE LEON COUNTY JAIL.

LARRY CAMPBELL, SHERIFF

BY: _____ D.S

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA.

STATE OF FLORIDA

vs.

CASE NO.  12CF01149
SPN  223828

AMENDED INFORMATION FOR:
GRAND THEFT BY P.W.B.C.

DOYE L HEARD,
B/M 06/15/1951
SSN ()

                     Defendant.
_____/

IN THE NAME OF AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

   WILLIAM N. MEGGS, State Attorney for the Second Judicial Circuit of the State of Florida, charges that in Leon County, Florida, the above named defendant(s), between 01/14/2011 and 01/25/2012, pursuant to one scheme or course of conduct, did knowingly obtain, use, or did endeavor to obtain or to use property of the value of $300 or more, the property of New Leaf Market Co-op , Publix and Publix #782, with the intent to either temporarily or permanently deprive the other person of a right to the property or a benefit there from or to appropriate the property to his or her own use or to the use of any person not entitled thereto, contrary to Section 812.014, Florida Statutes.

STATE OF FLORIDA
COUNTY OF LEON

WILLIAM N. MEGGS, STATE ATTORNEY
SECOND JUDICIAL CIRCUIT



Douglas L. Hall
Assistant State Attorney

   The foregoing instrument was acknowledged before me on June 14, 2012, by Douglas L. Hall, who is known to me and did take an oath stating good faith in instituting the prosecution and certifying that testimony was received under oath from the material witness or witnesses for the offense pursuant F.R.Cr.P. 3.140(g).

NOTARY PUBLIC



KATHY BLACKBURN
Commission # DD 876614
Expires  __  __, 2013

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

STATE OF FLORIDA

vs.

Doye L. Heard,
          Defendant
_____/

CASE No.    2012 CF 1149
Spn.        223828

## APPLICATION FOR REQUISITION

TO HIS EXCELLENCY, HONORABLE RICK SCOTT, GOVERNOR OF FLORIDA

The undersigned Owen B. McCaul, Assistant State Attorney of the Second Judicial Circuit, hereby makes application for requisition to be issued by the Governor of Florida to the Governor of **Georgia** for the extradition of **Doye L. Heard** charged with one count of the felony crime of Grand Theft by Passing Worthless Bank Check alleged to have been committed in Leon County, Florida as shown by certified copy of the Information filed and attached hereto and made a part of this application, and in support of said application hereby certifies:

1. That the name of the person for whom extradition is asked is **Doye L. Heard** and the name of the Agent whom it is proposed to be appointed to represent the State of Florida in bringing said fugitive from the State of Georgia is Larry Campbell, Sheriff of Leon County, or his designated deputies or agent.

2. That your applicant is of the opinion that the ends of public justice require the arrest and return of the alleged criminal to the State of Florida at public expense.

3. That your applicant believes he has sufficient evidence to secure conviction of the fugitive.

4. That the person named as Agent, Larry Campbell, Sheriff of Leon County or his deputies or agent, is the proper person and that he has no private interest in the arrest of the fugitive.

5. That no former application for requisition for the same person growing out of the same transaction has been made.

6. That it is not known by the undersigned that the fugitive is under either civil or criminal arrest for any crime alleged to have been committed in the State of Georgia, but the undersigned is informed and believes that the said fugitive has been arrested by the DeKalb County Sheriff's office in DeKalb County, Georgia and that the undersigned is further informed and believes that the police authorities in that county and state are willing to surrender the fugitive to the proper authorities from the State of Florida.

7. That this application is not made for the purpose of enforcing the collection of a debt or for any private purpose whatsoever, but for the purpose alleged in said Information and that if the requisition applied for be granted, the criminal proceeding will not be used to collect a debt.

The undersigned OWEN B.MCCAUL, being duly sworn, says that he is an Assistant State Attorney of the Second Judicial Circuit in Leon County, Florida and that he has read the preceding application for requisition directed to the Governor of Florida and knows and understands its contents and that he is informed and believes, and on such information and belief alleges, that the statements made in the application are true.

Respectfully submitted this 1st day of May, 2014.

WILLIAM N. MEGGS
STATE ATTORNEY

OWEN B. MCCAUL
Assistant State Attorney

Subscribed and sworn to before me, personally known by me, this 1st day of May, 2014.

RICHARD WILLIAMS
Notary Public



IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

STATE OF FLORIDA

vs.

Doye L. Heard,
               Defendant

_____/

CASE No.    2012 CF 1149
Spn.          223828

## AFFIDAVIT IN AID OF EXTRADITION

PERSONALLY APPEARED before me, one of the judges of the above styled Court and a Magistrate under the laws of the State of Florida, OWEN B. MCCAUL who being first duly sworn, deposes and says under oath:

I, OWEN B. MCCAUL, am presently an Assistant State Attorney involved in the procedures, intake review, filing and prosecution of numerous Leon County felony cases. I have been an assistant in this office since May 15, 1989, am over twenty-one years of age, a resident of Florida and competent to duly take an oath. In my official capacity as an Assistant State Attorney I have had occasion to review a Grand Theft by Passing Worthless Bank Check charge filed by Assistant State Attorney Douglas L. Hall who presented the following supported by sworn affidavits of complaint:

Between January 14, 2011 and January 25, 2012, Doye L. Heard, pursuant to one scheme or course of conduct, obtained or endeavored to obtain more than $300 of property from the New Leaf Market and Publix Supermarkets in Leon County by passing a worthless check for $24.99 to New Leaf Market and by passing worthless checks to Publix including five for $25, two for $75, one for $20 and one for $35.

The case remained dormant until April 3, 2014 when the Leon County Sheriff's Department was notified that Heard had been arrested in DeKalb County, Georgia, that he had declined to waive extradition, and that it would be necessary to obtain a Governor's Warrant.

Based on the preceding investigation this defendant is presently charged with one count of Grand Theft by Passing Worthless Bank Check and is to the best knowledge of affiant a fugitive from the State of Florida in custody in DeKalb County, Georgia.

WILLIAM N. MEGGS
STATE ATTORNEY

OWEN B. MCCAUL
Assistant State Attorney

SWORN TO AND SUBSCRIBED before me this 1st day of May, 2014.

DAWN CALOCA-JOHNSON
CIRCUIT JUDGE

Attachments:
Amended Information
Sworn Complaints for Worthless Checks
Fingerprints
Photographs

# SECOND JUDICIAL CIRCUIT
## ARREST/PROBABLE CAUSE AFFIDAVIT

0114 5608

1/3

| [x] Adult | Arrest Date/time | Arrest Location | Agency Report# | OBTS# | SPN# | Court Case# |
|---|---|---|---|---|---|---|
| [ ] Juvenile | 06/30/14 09:00 | DEKALB CO GEORGIA JAIL | 140071025 | 30721H012 223828 | | 2012CF1149 |

| Defendant's Full Name (Last, First, Mid, Suffix) | | D.O.B. | Race | Sex | Height | Weight | Hair | Eye |
|---|---|---|---|---|---|---|---|---|
| HEARD, DOYE L | | 06/15/1951 | X | M | 68 | 170 | XXX | XXX |

| Aliases | DL Number | DL State | SSN# | Place of Birth | Patrol Zone |
|---|---|---|---|---|---|
| | H630172512150 | XX | | XX | |

| Local Address | Local Home# | Local Work# | Occupation/Employer/School |
|---|---|---|---|
| | | | |

| Permanent Address | Perm.ant. Home# | Scars, Tattoos, Unique Physical Features |
|---|---|---|
| 160 FERNCLIFFE DR ROCHESTER, NY 14621 | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1 | | | | | | | |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 812.014 2C1 | 4068 | FT | GRAND THEFT IS $300 OR MORE BUT LESS THAN $5000 | | 1500 | 1 | [ ] | [x] |
| 2 | | | | | | | | | |
| 3 | | | | | | | | | |
| 4 | | | | | | | | | |
| 5 | | | | | | | | | |
| 6 | | | | | | | | | |
| 7 | | | | | | | | | |
| 8 | | | | | | | | | |
| 9 | | | | | | | | | |
| 10 | | | | | | | | | |
| 11 | | | | | | | | | |
| 12 | | | | | | | | | |
| 13 | | | | | | | | | |
| 14 | | | | | | | | | |

If Release is Approved, Defendant Should be Electronically Monitored?  NO

If YES, Why?

| Affiant Signature | Arresting Officer Name/Id# | Arresting Agency/ORI# |
|---|---|---|
| | WHIDDON ROXANE 279 | LEON COUNTY SHERIFF TALLAHASSEE FL0370000 |

06/30/2014 14:30

## SECOND JUDICAL CIRCUIT
## ARREST/PROBABLE CAUSE AFFIDAVIT

2/3

| Defendant's Name | Race | Sex | D.O.B. | Agency Report# |
|---|---|---|---|---|
| HEARD, DOYE L | X | M | 06/15/1951 | 140071025 |

The undersigned certifies and swears that he/she has just and reasonable grounds to believe, and does believe that the above named Defendant on Monday June 30TH 2014, at approximately 09:00, at DEKALB CO GEORGIA JAIL did the following violation of law:

Doyle Heard was arrested on above warrent at the Dekalb Co Georgia Jail. He was placed in secured handicuff and leg irons and transported to LCJ.

| Affiant Signature | Arresting Officer Name/Id# | Arresting Agency |
|---|---|---|
| | WHIDDON ROXANE 279 | LEON COUNTY SHERIFF TALLAHASSEE FL0370000 |

| Sworn to and subscribed before me this Monday of June 30TH 2014 | Certifying Officer |
|---|---|
| **Detention facility** Leon County Jail 535 Appleyard Drive, Tallahassee, FL 32304 | **Arrest Date/Time** 06/30/14 09:00 |

| Booking Officer | Bond Amount 1500 | Aggravating Factors |
|---|---|---|
| | | |

08-11-2014          <u>STATEMENT IN SUPPORT</u>

<u>Frankly Speaking</u>

Enclosed is a copy of WHAT THE LEON County Transport officer Whiddon, Roxane, used as an "Arrest/Probable Cause Affidavit," to hand me over to the Leon County Jail officials, acting as or for a "Chain of Custody" Document from the DeKalb County, Decatur, Georgia facility. She, official Whiddon, knew, They needed, or should have been given an Arrest Report, Arrest/Probable Cause Affidavit; along with, a chain of Custody Jurisdictional Order, Before Transporting and Before Leon County could legal, lawfully accept, receive and change jurisdiction of My Body.

So, officer Waddon, not having the required Documentation, once we arrived she went inside and hurriedly "Typed" prepared the enclosed form to get me off their hands. My ticket to the Leon County Jail; Of Course, we knew what she was during) Doing. No/Know one has questioned it, yet. Fast thinking, but wrong!

As you can see from all the missing pertinent information, she was either) rushed, pressured or not sure about this. This is/was supposed to be a very Official Document.

The very first thing we notice, is that she claims to be the arresting officer. We know, I was arrested is DeKalb County Georgia ) <u>NOT</u> Leon County Florida. She even made the

MISTAKE OR MISREPRESENTATION TO SAY/ WRITE THAT, ARREST LOCATION WAS THE DEKALB COUNTY GEORGIA JAIL. WHERE DOES A LEON COUNTY JAIL OFFICER, GET THE AUTHORITY TO MAKE AN ARREST IN DEKALB COUNTY GEORGIA??

JUST GUESSING NOW, SHE KNEW, HER AND OFFICER MICHAELS NEED/HAD TO COME UP WITH SOME KIND OF PAPERWORK FAST, QUICK AND IN A HURRY, SO, SHE MANUFACTORED / FABRICATED THE ENCLOSED, BECAUSE THERE WAS/IS NO REPORT IN GEORGIA, EITHER.

THE STATE HAS LOSS JURISDICTION, HAS NO AUTHORITY TO PROSECUTE AND FLORIDA COMMISSION ON OFFENDER REVIEW, ALSO LOSS JURISDICTION, BY ATTACHING PROCESSING TO A "LAWLESS ARREST."

RESPECTFULLY

_[signature]_

2 OF 2



# FLORIDA COMMISSION ON OFFENDER REVIEW

*(formerly Florida Parole Commission)*

4070 Esplanade Way, Tallahassee, Florida 32399-2450

| TENA M. PATE | BERNARD R. COHEN, SR. | MELINDA N. COONROD |
|---|---|---|
| Commissioner/Chair | Commissioner/Vice-Chair | Commissioner/Secretary |

Name of Releasee/Parolee:     Doyle Heard

DC#:                                        079390

## NOTICE OF INTENT TO INTRODUCE RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY AT VIOLATION HEARING BY MEANS OF CERTIFICATION

**THIS NOTICE** is to inform you that the attached documents, which are identified below, will be offered for introduction into evidence at your violation hearing by means of certification. These records will be offered as Records of Regularly Conducted Business Activity ("Business Records"), which is an exception to hearsay under the Florida Evidence Code. These records will be authenticated as Business Records through the use of a certification from the records custodian or other qualified person. These records are being provided to you for your inspection. If you object to the admissibility of these records, you must state your objection on the record to the Hearing Officer, along with your reasons for the objection, at the violation hearing. If you object, your reasons for the objection will be reviewed and considered. Your failure to object at the violation hearing will be deemed a waiver of any objection to the admissibility of the records.

List of Attached Business Records:

  2   page record described as: Sworn Complaint for Worthless Check and corresponding copy of the NSF Notice with check for New Leaf Market.

  12   page record described as: Sworn Complaints for Worthless Check and corresponding copies of the NSF Notices with checks for Publix.

_Sandra Rozier_                          _7-29-14_
Examiner/Hearing Officer                 Date

## ACKNOWLEDGEMENT

This is to acknowledge that I have been provided with the foregoing Notice of Intent to Introduce Records of Regularly Conducted Business Activity at Violation Hearing by Means of Certification.

_Refused to Sign_                      _____
Name of Releasee/Parolee                 Date



**STATE OF GEORGIA**

OFFICE OF THE GOVERNOR

ATLANTA 30334-0090

Nathan Deal
GOVERNOR

## TO ALL THE SHERIFFS AND CONSTABLES THEREOF — GREETINGS:

WHEREAS, His Excellency, THE HONORABLE RICK SCOTT, GOVERNOR OF THE STATE OF FLORIDA, and as the executive authority thereof, has demanded of me DOYE L. HEARD, fugitive from justice from the said state, and has produced to me a requisition, accompanied by supporting documents, charging that the said fugitive from justice stands charged and/or convicted with the crime(s) of GRAND THEFT BY PASSING WORTHLESS BANK CHECK which documents are duly certified as authentic by His Excellency, the Governor of the said State, and has also appointed and commissioned SHERIFF LEON CAMPBELL, LEON COUNTY SHERIFF'S OFFICE, AND/OR AN AUTHORIZED AGENT(S) on the part of the said State, to receive the said fugitive from justice from the civil authorities of this state to the end that he/she may be carried to the said State, there to be dealt with according to law.

AND, WHEREAS, it is suspected that the said fugitive from justice is now within the jurisdictional limits of this state:

YOU ARE HEREBY COMMANDED to arrest and deliver the said fugitive from justice to SHERIFF LEON CAMPBELL, LEON COUNTY SHERIFF'S OFFICE, AND/OR AN AUTHORIZED AGENT(S) for the purpose of being carried to the said state within whose jurisdiction said offense is alleged to have been committed. And I moreover charge and require all officers, both civil and military, in this state, to be vigilant in endeavoring to apprehend the said fugitive from justice.

IN WITNESS WHEREOF, I have hereunto subscribed my name and caused the Great Seal of the State of Georgia to be affixed in Atlanta, Georgia this 2ND day of JUNE, 2014.

Nathan Deal
GOVERNOR

EXECUTIVE COUNSEL



**FUGITIVE/DOMESTIC VIOLENCE UNIT**
4415 Memorial Drive
Decatur, Georgia 30032
OFFICE 404-296-8300
FAX 404-296-8048
ORI: GA0440000

# FACSIMILE MESSAGE

## JEFFREY L. MANN, SHERIFF

**TO:**      Antigone Smith, DeKalb County D.A.'s Office (404) 687-3436

**FROM**     Investigator C. C. Whitten #1537

**NUMBER TO WHICH THIS FAX IS BEING SENT:**    (404) 371-2878  *2295*

**NUMBER OF PAGES (INCLUDING THIS PAGE):**  **7**

**FAX SENT BY:** C.C.W.       **DATE:**   4/3/2014  2:10 PM

---

**CONFIDENTIALITY WARNING:**
The information contained in, or attached to, this fax message is intended only for the personal and confidential use of the designated recipients named above.  If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or duplication of this message is strictly prohibited.  Any applicable criminal and or civil sanctions may be applied against any party who fails to heed to this provision.  If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail.  Thank you.

**MESSAGE:**

Dear Antigone,

The following subject(s) have refused to sign a waiver of extradition:

  HEARD,  Doye Leonard  B/M  D.O.B.: 06/15/1951  SSN: ███████ █████

      30 days- 05/02/14      60 days- 05/30/14      90 days- 06/27/14

The requesting state(s) have been notified to begin the Governor's Warrant process. Thank you for your assistance.

Respectfully,

*Court*

Investigator C. C. Whitten #1537
DeKalb County Sheriff's Office
Fugitive Squad / Extraditions Unit
Office (404) 298-8393
Cell (404) 379-9985
cwhitten@co.dekalb.ga.us

# STATE OF FLORIDA

### EXECUTIVE DEPARTMENT

**TO ALL SHERIFFS TO WHOM THESE PRESENTS SHALL COME, GREETINGS:**

I, **RICK SCOTT, GOVERNOR,** hereby appoint **SHERIFF LARRY CAMPBELL** and/or authorized agent(s), of the State of Florida to receive **DOYE L. HEARD,** fugitive from justice, who is in the custody/jurisdiction of **DEKALB COUNTY SHERIFF'S OFFICE DECATUR, GEORGIA,** from the appropriate authorities of the State of **GEORGIA,** and convey said fugitive to the State of Florida, to be dealt with according to law.

**IN WITNESS WHEREOF,** I have hereunto signed my name and caused to be affixed the Great Seal of State, at Tallahassee, Florida this 5th day of May A.D., 2014.

**GOVERNOR**

**BY THE GOVERNOR**

**SECRETARY OF STATE**



# STATE OF GEORGIA

### OFFICE OF THE GOVERNOR

### ATLANTA 30334-0090

**Nathan Deal**
GOVERNOR

June 2, 2014

Sheriff Thomas Brown
ATTN: Inv. Court Whitten
Fugitive Squad
DeKalb County Sheriff's Department
4155 Memorial Drive
Decatur, Georgia 30032

**RE:  DOYE L. HEARD**

Dear Sheriff Brown:

Governor Deal has requested that I send to you the attached warrant and accompanying papers.

I respectfully call your attention to Section 17-13-30 of the Official Code of Georgia Annotated.  This section provides, in part, that before delivering the accused to the agent designated by the demanding state, the accused shall first be taken before a judge of a court of record in this state who shall inform him of the demand made for his surrender of the crime with which he is charged and that he has the right to demand and procure legal counsel.

When you are ready to deliver the defendant under the warrant, please notify:

Ms. Brenda Mills and/or Lisa Oberlies        Phone: (850) 922-3500
Leon County Jail/Court Services
2825 Municipal Way
Tallahassee, Florida 32304

Thank you for your assistance with this matter.

Sincerely,

Rhonda C. Barnes
Executive Assistant - Legal

cc:    Ms. Brenda Mills and/or Lisa Oberlies
       Ms. Susan L. Smith

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

STATE OF GEORGIA

v.

Doye Leonard Heard,
SPN: X0479338

Fugitive from the State of Florida.

Unindicted Case#: D0242989

Charge(s): Fugitive From Justice For Grand Theft by Passing Worthless Bank Check (Felony)

Warrant(s): 14W005195

### EXTRADITION ORDER

It appearing that the Defendant is in the custody of the DeKalb County Sheriff, and the State having been represented by Assistant District Attorney Christopher W. Timmons, who did present the court with a Governor's Warrant from the Hon. Rick Scott, Governor of Florida and the Hon. Nathan Deal, Governor of Georgia and the matter having come before the Court for hearing; the Court hereby FINDS:

1. The extradition documents on their face are in order;
2. The Defendant is charged with a crime in the demanding state;
3. The Defendant, by his own admission, is the person named in the request for extradition; and
4. The Defendant is a fugitive from justice.

**IT IS HEREBY ORDERED**, that the Defendant, Doye L. Heard is to be extradited to the State of Florida as requested by said State.

**SO ORDERED**, this the 24th day of June, 2014.

HON. MARK ANTHONY SCOTT
JUDGE
DEKALB COUNTY SUPERIOR COURT
STONE MOUNTAIN JUDICIAL CIRCUIT

Prepared by:

Christopher W. Timmons, Assistant District Attorney
Main Office: (404) 371-2561
FAX: (404) 371-2981
Email: cwtimmons@dekalbcountyga.gov
Bar Number: 712659
Stone Mountain Judicial Circuit
556 N. McDonough Street; Suite 700
Decatur, Georgia 30030-3355

EXHIBIT "G"
1

**MUST BE NOTED**    ADDITIONAL CHARGE    X0479338    **MUST BE NOTED**

Involved In:
- Vehicle Accident ☐
- Physical altercation ☐
- None ☒

1. Do you have any health problems?
   _____ Yes _____ No
2. Immediate referral to Medical?
   _____ Yes _____ No

# DEKALB COUNTY JAIL
# ARREST INFORMATION RECORD

| NAME OF PERSON ARRESTED (LAST, FIRST, MIDDLE) | RACE | SEX | DATE OF BIRTH | HEIGHT | WEIGHT | HAIR | EYES | SKIN | PLACE OF BIRTH |
|---|---|---|---|---|---|---|---|---|---|
| HEARD, DOYE LEONARD | B | M | 06/15/1951 | 506 | 160 | BLK | BRO | | |

| ADDRESS OF SUBJECT (NUMBER & STREET/APT. #) | | CITY / STATE / ZIP CODE | | (AREA CODE) PHONE NUMBER | PID |
|---|---|---|---|---|---|
| | | | | | |

| OCCUPATION / EMPLOYER | WORK ADDRESS | (AREA CODE) WORK # |
|---|---|---|
| | | |

| ALIAS OR NICKNAME | SOCIAL SECURITY NUMBER | DRIVER'S LICENSE INFORMATION | STATE | EXPIRES |
|---|---|---|---|---|
| | | H630172512150 | FL | 05 |

| ARREST DATE | ARREST TIME | ARRESTING OFFICER | NUMBER | AGENCY |
|---|---|---|---|---|
| 06/11/2014 | 1100 | INV. C. WHITTEN | 1537 | DKSO |

| REPORT NO | SECOND ARRESTING OFFICER | NUMBER | AGENCY |
|---|---|---|---|
| DS1404000035 | | | |

| OFFENSE CODE AOC | DATE OF OFFENSE DOO | M/F | CHARGE | CTS | WARRANT NUMBER | BOND |
|---|---|---|---|---|---|---|
| 1 | 06/11/2014 | F | FUGITIVE FROM JUSTICE (FL) | 1 | GOVERNOR'S WARRANT | NO BOND |
| 2 | | | | | | |
| 3 | | ADDITIONAL CHARGE | | | | |
| 4 | | | | | | |
| 5 | | | | | | |

**HOLDS**

| COUNTY / AGENCY | CHARGE | WARRANT NO | PHONE NO |
|---|---|---|---|
| | | | |

| CREDIT CARD/BANK ACCOUNT NO | ARRESTING OFFICER SIGNATURE |
|---|---|
| | CW 1537 |

| AGE | BUILD | HAIR TYPE – Receding, Bald, Curly, Kinky, Long, Dyed |
|---|---|---|
| 62 | | |

| MUSTACHE – BEARD – GOATEE | SCAR, MARK, TATTOO | SPEECH OR ACCENT |
|---|---|---|
| | | |

| OUTSTANDING CHARACTERISTICS | VEHICLE | CLOTHES TYPE – UNIFORM, SPORT, WORK |
|---|---|---|
| | | |

| MARITAL STATUS | SPOUSE | ADDRESS | PHONE NO |
|---|---|---|---|
| | | | |

| PARENTS | | ADDRESS | PHONE NO |
|---|---|---|---|
| | | | |

| NOTIFY IN CASE OF EMER | | ADDRESS | PHONE NO |
|---|---|---|---|
| | | | |

| ACCOMPLICE | | ADDRESS | PHONE NO |
|---|---|---|---|
| 1 | | | |
| 2 | | ADDRESS | PHONE NO |

| SIGNATURE OF ARRESTEE | PROCESSED BY | TIME |
|---|---|---|
| | | |

FPC

(right index)

| DEKALB COUNTY SHERIFF'S OFFICE | **ARREST / INCIDENT REPORT** | ORI: | GA0440000 |
|---|---|---|---|
| | | CASE NUMBER: | **DS1404000035** |

| INCIDENT TYPE | | CTB | PREMISE TYPE |
|---|---|---|---|
| **Warrant Arrest** | **ADDITIONAL CHARGE** | **1** | |

**INCIDENT LOCATION**
**DEKALB COUNTY JAIL**

| INCIDENT DATE | TIME | | DATE | TIME | STRANGER TO STRANGER | WEAPON TYPE |
|---|---|---|---|---|---|---|
| **06/11/2014** | **1100** | TO | | | | |

| COMPLAINANT |
|---|

| ADDRESS | PHONE NUMBER |
|---|---|

| VICTIM'S NAME | | RACE | SEX | AGE | RESIDENCE PHONE |
|---|---|---|---|---|---|

| VICTIM'S ADDRESS | BUSINESS PHONE |
|---|---|

| WITNESS NAME & ADDRESS | PHONE NUMBER |
|---|---|

| WITNESS NAME & ADDRESS | PHONE NUMBER |
|---|---|

| ARREST DATE | ARREST TIME | LOCATION OF ARREST |
|---|---|---|
| **06/11/2014** | **1100** | **DEKALB COUNTY JAIL** |

| NAME OF PERSON ARRESTED (LAST, FIRST, MIDDLE) | ALIAS OR NICKNAME |
|---|---|
| **HEARD, DOYE LEONARD** | |

| ADDRESS OF SUBJECT (NUMBER & STREET/APT. #) | CITY / STATE / ZIP CODE |
|---|---|

| (AREA CODE) PHONE NUMBER | SOCIAL SECURITY NUMBER | DRIVER'S LICENSE INFORMATION | STATE | EXPIRES |
|---|---|---|---|---|
| | ▉▉▉▉▉ | **H630172512150** | **FL** | **05** |

| AGE | RACE | SEX | EYES | HAIR | HEIGHT | WEIGHT | DATE OF BIRTH | PLACE OF BIRTH |
|---|---|---|---|---|---|---|---|---|
| **62** | **B** | **M** | **BRO** | **BLK** | **508** | **180** | **06/15/1951** | |

| OCCUPATION / EMPLOYER | WORK ADDRESS |
|---|---|

| (AREA CODE) WORK # | ARRESTING OFFICER | CURRENT DATE |
|---|---|---|
| | **INV. C. WHITTEN** | **06/11/2014** |

| WARRANT NUMBER | FAM | DATE OF OFFENSE | CHARGES | CTB | BOND |
|---|---|---|---|---|---|
| **GOVERNOR'S WARRANT** | **F** | **04/02/2014** | **FUGITIVE FROM JUSTICE (FL)** | **1** | **NO BOND** |
| | | | | | |
| | | | **ADDITIONAL CHARGE** | | |
| | | | | | |
| | | | | | |

| IMPOUND | TAG NUMBER | STATE | YEAR | V.I.N. |
|---|---|---|---|---|

| YEAR | MAKE | MODEL | STYLE | COLOR |
|---|---|---|---|---|

**CASE AT THIS TIME.**

| REPORTING OFFICER | NUMBER | APPROVING OFFICER | NUMBER |
|---|---|---|---|
| **INV. C. WHITTEN** | **1537** | | |

1 – Original (Court)        2 – Copy (File)

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

Case #: 2015CA-004168-0000-00
Judge: KEITH  SPOTO

DOYLE L HEARD AKA DOYE L HEARD
Plaintiff

vs.

PUBLIX SUPER MARKET CORPORATE OFFICE , NEW LEAF MARKET, INC , ERIC IRONS, EMPLOYEE (RECORDS CUSTODIAN) , HEATHER MURPHY, AFFIANT
Defendant

**II.    TYPE OF CASE**    (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ Condominium $50,000

☐ Contracts and indebtedness $249,999

☐ Eminent domain more

☐ Auto negligence

☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort $249,999
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential

☐ Products liability

☐ Real property/Mortgage foreclosure
  ☐ Commercial foreclosure $0 - $50,000
  ☐ Commercial foreclosure $50,001 - $249,999
  ☐ Commercial foreclosure $250,000 or more

☐ Homestead residential foreclosure $0 - 

☐ Homestead residential foreclosure $50,001 - 

☐ Homestead residential foreclosure $250,000 or more

☐ Nonhomestead residential foreclosure $0 - $50,000

☐ Nonhomestead residential foreclosure $50,001 - $249,999

☐ Nonhomestead residential foreclosure $250,000 or more

☐ Other real property actions $0 - $50,000

☐ Other real property actions $50,001 - 

☐ Other real property actions $250,000 or more

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional

☐ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance

FILED IN THIS OFFICE
NOV 2 4 2015
CLERK CIRCUIT COURT

☐ Constitutional challenge—proposed amendment     ☐ Libel/Slander
☐ Corporate trusts     ☐ Shareholder derivative action
☐ Discrimination—employment or other     ☐ Securities litigation
☐ Insurance claims     ☐ Trade secrets
☐ Intellectual property     ☐ Trust litigation

**III.**    **REMEDIES SOUGHT** (check all that apply):
     ☐ monetary;
     ☐ nonmonetary declaratory or injunctive relief;
     ☐ punitive

**IV.**    **NUMBER OF CAUSES OF ACTION:** [ ]
     (specify)_____

_____

**V.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
     ☐ yes
     ☐ no

**VI.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
     ☐ no
     ☐ yes If "yes," list all related cases by name, case number, and court.

_____
_____
_____

**VII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
     ☐ yes
     ☐ no

_____
_____

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____      Fla. Bar #_____
      Attorney or party                    (Bar # if attorney

_____      _____
(type or print name)                         Date

Or

DATE: November 24th, 2015

STACY M. BUTTERFIELD, CPA, Clerk of the Circuit Court
Signature of Deputy Clerk _____

IN THE CIRCUIT COURT FOR THE TENTH (10TH) JUDICIAL CIRCUIT
IN AND FOR
POLK COUNTY
BARTOW, FLORIDA

DOYE L. HEARD
    Plaintiff,

v.

                                        Case No.: 2015-CA-4168

PUBLIX SUPERMARKETS
NEW LEAF MARKETS, INC., et.al.,
    Defendant(s).


[COPY]

SUMMONS

        The State of Florida:
        To each Sheriff of the,
        State of Florida
        County of Bartow & Leon County, Fl.

    **You are Commanded** to serve this summons and a copy of the complaint in this action on Defendant(s) Publix Supermarket and New Leaf Market, Inc.

    Each Defendant is required to serve written Defenses to the Complaint on, Doye L. Heard, Plaintiff's whose address is 3142 Thomas Drive, Holmes C.I., Bonifay, FL. 32425,

within twenty (20) days after service of this summons on that [the] Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff or Plaintiff's Attorney or immediately thereafter. If a Defendant fails to do so, a default

1

will be entered against that Defendant for the relief demanded
in the complaint.

Dated on ____Decembr 9, 2015_____.

Stacy M. Butterfield

A Clerk of the Court

By _____

As Deputy Clerk

DEF:
PUBLIX SUPERMARKET, CORPORATE OFFICE
3300 PUBLIX CORPORATE PARKWAY
LAKELAND, FLORIDA 33811

NEW LEAF MARKET, INC.
1235 APALACHEE PARKWAY
TALLAHASSEE, FLORIDA
32301

2

IN THE CIRCUIT COURT FOR THE TENTH (10TH) JUDICIAL CIRCUIT
IN AND FOR
POLK COUNTY
BARTOW, FLORIDA

DOYE L. HEARD
      Plaintiff,

v.                                      Case No.: 2015-CA-4168

PUBLIX SUPERMARKETS
NEW LEAF MARKETS, INC., et.al.,
      Defendant(s).



**SUMMONS**

      The State of Florida:
      To each Sheriff of the,
      State of Florida
      County of Bartow & Leon County, Fl.

      **You are Commanded** to serve this summons and a copy of the

complaint in this action on Defendant(s) Publix Supermarket and

New Leaf Market, Inc.

      Each Defendant is required to serve written Defenses to the

Complaint on, Doye L. Heard, Plaintiff's whose address is

3142 THOMAS DRIVE, HOLMES C.F., BONIFAY, FL.
                                            32425                ,

within twenty (20) days after service of this summons on that

[the] Defendant, exclusive of the day of service, and to file

the original of the defenses with the Clerk of this Court either

before service on Plaintiff or Plaintiff's Attorney or

immediately thereafter. If a Defendant fails to do so, a default

1

will be entered against that Defendant for the relief demanded in the complaint.

Dated on _____ December 9, 2015 _____.

Stacy M. Butterfield

A Clerk of the Court

By _____

As Deputy Clerk

DEF.: PUBLIX SUPERMARKET, CORPORATE OFFICE.
3300 PUBLIX CORPORATE PARKWAY
LAKELAND, FLORIDA 33811

DEF.: NEW LEAF MARKET, INC.
1235 APALACHEE PARKWAY
TALLAHASSEE, FLORIDA
32301

2



# Stacy M. Butterfield

*Clerk of the Circuit Court and County Comptroller*
*Polk County, Florida*

Drawer CC-12
Post Office Box 9000
Bartow, FL 33831-9000

(863)534-4556 Phone
(863)534-4045 Fax

www.polkcountyclerk.net

Civil Law

Date: December 9th, 2015

To:    Doyle L. Heard DC#0-079390
        Holmes Correctional Institution
        3142 Thomas Drive
        Bonifay, FL. 32425

Case Number: <u>2015CA-004168-0000-00</u>        Packet Sent ____

_____ The application/affidavit you submitted has been superseded. You will need to complete and submit a new application form (attached).

_____ You need to provide your pleadings (law suit) for us to be able to determine costs, and file the case. The packet you requested (if applicable) is attached for your use. We cannot open a case file without a petition or other pleadings.

_____ Your prison account information is missing or is not up-to-date. Please re-submit the account information for the latest 6 months of information (or for the period of your incarceration if less than 6 months).

_____ You indicated you have been determined indigent more than twice in the last three years. By law, before the Clerk can determine you indigent for costs you must be granted leave of court to proceed with your suit. Please see the attached document.

_____ Your request for indigent status has been approved. Your pleadings have been filed.

__x__ Other: Enclosed for service: issued summons for defendants, copies of the complaint for each defendant's service packet, and certified copies of the granted indigent application.

If you need further information from the Clerk's Office, you may call customer service at (863)534–4556.

Sincerely,
STACY M. BUTTERFIELD, CPA
Clerk of the Circuit Court

By: _____/s/ Tamika Joiner_____ Deputy Clerk

*The Mission of the Office of Clerk of the Circuit Court is to function as a team dedicated to our customers by*
*preparing and maintaining accurate records, furnishing assistance in an understanding and compassionate manner, and*
*providing services with competence, professionalism, and courtesy in compliance with laws, rules and regulations.*

IN THE CIRCUIT COURT OF THE TENTH (10TH) JUDICIAL CIRCUIT
IN AND FOR
POLK COUNTY, BARTOW, FLORIDA

DOYLE L. HEARD —AKA-,
DOYE L. HEARD,
     Plaintiff,

v.

PUBLIX SUPERMARKETS
NEW LEAF MARKET, INC., ET.AL.,
     Defendants,

Case No.: 2015-CA-4168

*FILED-CIVIL LA.*
*2015 DEC -9 PM 2:02*
*STACY M. ... ...*
*CLERK OF CIRCUIT COURT*
*POLK COUNTY, FLORIDA*

## PLAINTIFF'S NOTICE TO DEFENDANTS

    Please be advised that the Plaintiff in this cause has offered to negotiate this complaint with Defendants, for good cause and in good faith, to conserve and preserve resources and judicial administrative prerequisites to a final resolution.

Done and executed, this _04th_ day of _Dec._____, 2015,

By the hand of the Plaintiff.

                         Respectfully Submitted,

        /s/ _Doye L. Heard_
            Doye L. Heard, (Plaintiff)
            Signature of Plaintiff

PROVIDED TO
HOLMES CI ON

DEC 0 7 2015

FOR MAILING

1

IN THE CIRCUIT COURT FOR THE TENTH (10TH) JUDICIAL CIRCUIT
IN AND FOR
POLK COUNTY, FLORIDA

DOYE L. HEARD,
    Plaintiff,

v.                                    Case No.: 2015-CA-468

PUBLIX SUPERMARKETS,
NEW LEAF MARKETS, INC., ET. AL.,
    Defendant(s).

---

**PLAINTIFF'S SUPPLEMENTAL CAUSE(S) OF ACTION, MORE DEFINITE STATEMENT AND REQUEST FOR LEAVE TO ADD NEGLIGENT TORT CLAIM(S)**

---

Comes now the Plaintiff, in proper person, pursuant to the State and Federal Rules of Civil Procedures to respectfully move to add supplemental cause(s) of action and a more definite statement in support of the Civil Rights Tort Claims filed against Defendant(s) herein; the Plaintiff adds, supplements and claims as follows:

(1)  Defamation, where Defendant's action(s) and/or non-action did cause harm to the reputation of the Plaintiff. The Plaintiff's parole grant was revoked, predicated on Defendants', libel and slander.

(2)  Malicious arrest, The Defendants' actions to accrue an arrest made without probable cause of the Plaintiff for alleged "passing worthless bank checks", when in

1

PROVIDED TO
HOLMES CI ONFor
DEC 0 2 2015
FOR MAILING

fact, the alleged instrument was returned as "insufficient funds", which is not a criminal offense.

(3) Negligence, had Defendants used and observed the standard care required by law under the circumstances, (Worthless checks, opposed to insufficient funds) Defendants would have found the Plaintiff had incurred the penalties associated with the return of checks alleging insufficient funds.

(4) False Report, the Defendants' actions are tantamount to filing a false report, to intentionally defame, harass and/or cause the humiliation of Plaintiff.

(5) Pretextual Arrest, the Defendants' actions were bordered on pretext, to have the Plaintiff's parole violated, revoked, terminated, by using a minor, non-existing offense, allegation, accusation to subject the Plaintiff to the more serious investigation and parole violation offense, in an effort to further humiliate, harass and defame Plaintiff's parole record, established parole grant.

(6) Unlawful Arrest, the warrant used to extradite the Plaintiff via Human Trafficking, was bogus, contained false allegations misrepresentation of facts and had in fact expired three (3) days before the Plaintiff was transported from Georgia, to The State of Florida. The warrant expired, June 27th, 2014, the Plaintiff was transported June 30th, 2014.

(7) The Plaintiff was never formally, legally, properly arrested on the alleged "worthless checks charges"; no formal arresting affidavit, probable cause, information documentation is filed, sustaining substantiating, the Plaintiff has ever been arrested, arraigned judicially before a judge for "passing worthless bank checks," in violation of the Florida Statutes, against the dignity of the People of the State of Florida.

(8) False Imprisonment, the Plaintiff was restrain, handcuffed, leg ironed and confined from April 2, 2014, until October 15th, 2014, based on actions solely, directly associated/caused by Defendant's negligence, civil rights infringement, liberty violations and slanderous misrepresentation of facts.

3

(9)  Human Trafficking, the transporting of the Plaintiff from the State of Georgia to the State of Florida without making a proper arrest, based on judicial document(s) sworn out, as arresting affidavit, by Defendants; having no legal authority and the equivalent to kidnapping for worthless checks that were already satisfied.

## CONCLUSION

The Defendants, allegation(s) and charging document statement(s) are fraudulent and misrepresentative of the facts. The accusation(s) that, "on or about, between January 14, 2011, and January 25, 2012, the Plaintiff sought to deprive, commit, theft and/or otherwise violated the Florida Statute(s) by "Passing worthless bank checks," a grand theft indictment.

The Plaintiff, on or about, January 14, 2011, was in fact incarcerated, participating in a Florida International University (F.I.U.) program to earn his release from the Florida Department of Corrections, on parole grant.

This parole grant release was not approved, granted until July 19th, 2011; therefore, it is/was virtually impossible the Plaintiff could have been participating, committing the act or

4

act(s) of "passing worthless bank checks," from January 14th, 2011, until January 25th, 2012, (Bogus Allegations).

### DEMAND FOR JURY TRIAL

The Plaintiff hereby, re-iterate the requested demand for jury trial, as previously requested.

### DECLARATION

**I HEREBY DECLARE under penalty of perjury** the foregoing is true and correct.

Executed, this 2⁴⁵ day of DEC, 2015, by the Plaintiff.

Respectfully Submitted,

Doye L. Heard
DC# 0-079390
Holmes Correctional Institution
3142 Thomas Drive
Bonifay, Fl. 32425

5

IN THE CIRCUIT COURT FOR THE TENTH (10TH) JUDICIAL CIRCUIT
IN AND FOR
POLK COUNTY
BARTOW, FLORIDA

**DOYE L. HEARD**
    Plaintiff,

**v.**                               Case No.: *2015-CA-4168*

**PUBLIX SUPERMARKETS**
**NEW LEAF MARKETS, INC.,** et.al.,
    Defendant(s).

<u>**NOTICE OF COMMENCEMENT OF ACTION**</u>

To: Publix's Supermarkets, Corporate Office
3300 Publix Corporate Pkway, Staff Attorneys
Lakeland, Florida 33811
New Leaf Market, Inc., Staff Attorney
1235 Apalachee Parkway, Tallahassee, Florida 32301

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. The complaint has been field in the Circuit Court for the Tenth (10th) Judicial Circuit, Bartow, Florida and has been assigned Case No.: *2015-CA-4168* .

This is not a formal summons or notification from the court, but is rather my request that you sign the enclosed waiver of service of process form in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. Returned service is requested within twenty (20) days.

The complied request will be filed with the Clerk of the Court and a copy to the Plaintiff, no summons will be served in

1

this case. The lawsuit will then proceed as if service was complied with on the date waiver to serve is filed; thereafter, the complaint shall be responded to within sixty (60) days, of the notice and request for waiver.

If no compliance or non-compliance of the signed waiver is received within twenty (20) days from thed ate you receive the notice and the waiver of process, case will commence as authorized Florida Rules of Civil Procedures. You will be obligated to pay the full cost of service; unless, good cause is shown for failure to comply.

I hereby certify that this notice of lawsuit and request for waiver of service of process has been sent, forwarded to you on behalf of the Plaintiff on this _2⁴ᵗ_ day of _DEC._ 2015, by the U.S. certified registered mail.

/s/ _Doye L. Heard_

Doye L. Heard, Plaintiff
Signature of Plaintiff

2

IN THE CIRCUIT COURT FOR THE
TENTH (10TH) JUDICIAL CIRCUIT, IN AND FOR,
POLK COUNTY, FLORIDA

DOYE L. HEARD,
              PLAINTIFF,
        -VS-

PUBLIX SUPERMARKETS,
NEW LEAF MARKETS, INC., et. al.,
        DEFENDANTS.

CASE No.: 2015-CA-4168

FILED - CIVIL LAW
2016 JAN 14  PM 2:14
STATE OF FLORIDA
CLERK OF CIRCUIT COURT
POLK COUNTY, FLORIDA

PROVIDED TO
HOLMES CI ON
JAN 1 0 2016
_____
FOR MAILING

PLAINTIFF'S REQUEST AND DEMAND
TO MOVE FOR DEFAULT JUDGMENT

THE PLAINTIFF, IN PROPER PERSON, HEREBY REQUEST AND
DEMAND, THE HONORABLE CLERK OF COURT, ENTER DEFAULT
JUDGMENT AGAINST, DEFENDANTS, PURSUANT TO THE FLORIDA
RULES OF CIVIL PROCEDURES IN THIS CAUSE. ($2,500,000.⁰⁰)
    NO APPEARANCE BY DEFENDANTS AND/OR ATTORNEYS FOR:
DEFAULT IS APPROPRIATE. THE DEFENDANTS' SILENCE WILL
ACT AND OPERATE, AS DEFACTO - WAIVER TO AFFIRMATIVE DEFENSE.
DONE AND REQUESTED, THIS 08TH DAY OF JANUARY 2016.

                    RESPECTFULLY SUBMITTED
                    BY Doye Heard
                    DOYE L. HEARD
                    3142 THOMAS DRIVE
                    BONIFAY, FLORIDA 32425

SERVED:
C.C.
PUBLIX SUPERMARKETS CORPORATE OFFICE, 3300 PUBLIX CORP. PKWY., LAKELAND
NEW LEAF MARKETS, INC., 1233 APALACHEE, PKWY., TALL, FL.

Filing # 36587259 E-Filed 01/14/2016 03:49:51 PM

IN THE CIRUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

DOYE L. HEARD,

     Plaintiff,

v.                                                                      Case No. 2015-CA-4168

PUBLIX SUPERMARKETS, INC.
NEW LEAF MARKETS, INC. et al.,

     Defendant.

_____/

## NOTICE OF APPEARANCE

Attorney, Jason C. Taylor, of the law firm of McConnaughhay, Coonrod, Pope, Weaver, Stern & Thomas, P.A., hereby files this Notice of Appearance as counsel on behalf of Defendant, New Leaf Market, Inc. The undersigned requests that all papers, pleadings, documents and any other matters in this case be directed to his attention at the physical addresses included herein below.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served this 14th day of January, 2016, by regular U.S. mail to Doye L. Heard, Holmes Correctional Institution, 3142 Thomas Drive, Bonifay, FL 32425 and 160 Ferncliffe Drive, Rochester, NY 14621.

1

2015CA-004168-0000-00        Received in Polk 01/14/2016 04:03 PM

McCONNAUGHHAY, COONROD,
POPE, WEAVER, STERN & THOMAS,
P.A.


s/ Jason C. Taylor                              .
Jason C. Taylor
Florida Bar No. 497525
Email: jtaylor@mcconnaughhay.com
1709 Hermitage Blvd., Ste. 200
Tallahassee, FL 32308
Phone: (850) 222-8121
Fax: (850) 222-4359

Attorney for Defendant
New Leaf Market, Inc.

2

IN THE CIRUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

DOYE L. HEARD,

     Plaintiff,

v.                                                                          Case No. 2015-CA-4168

PUBLIX SUPERMARKETS, INC.
NEW LEAF MARKETS, INC. et al.,

     Defendants.

_____/

## MOTION TO TRANSFER VENUE

     Defendant, NEW LEAF MARKET, INC. ("New Leaf"), through counsel and pursuant to Fla. R. Civ. P. 1.060(b), moves this Court for entry of an order transferring the venue of the action against it to the Second Judicial Circuit, in and for Leon County, Florida, and in support thereof states:

     1.    Plaintiff Doye L. Heard filed this action in the Tenth Judicial Circuit, in and for Polk County, Florida, alleging a number of claims against New Leaf. Plaintiff's Complaint fails to allege venue is proper and identifies New Leaf as a corporation located in Tallahassee, Florida.

     2.    New Leaf is a corporation with its principal place of business in Tallahassee, Florida. It does not operate any portion of its business in Polk County or any location within the Tenth Judicial Circuit.

     3.    Plaintiff fails to allege any action by New Leaf took place in Polk County. The only alleged actions by New Leaf or any agent of New Leaf are alleged instead to have occurred in Leon County, Florida.

1

4.     Venue is proper only in the county where the defendant resides, where the cause of action accrued or where property related to the litigation is located. Fla. Stat. § 47.011 (2014). Plaintiff fails to allege any facts sufficient for venue to exist in Polk County as related to any claims against New Leaf and no such facts exist.

5.     Based on the foregoing, assuming this Court determines Plaintiff's Complaint or related documents state any valid cause of action, transfer of the venue for this action to Leon County is required.

WHEREFORE, Defendant, NEW LEAF MARKET, INC., requests this Court enter an Order transferring the venue of this matter to the Second Judicial Circuit, in and for Leon County, Florida.

2

**2015CA-004168-0000-00        Received in Polk 01/14/2016 04:19 PM**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served this 14th day of January, 2016, by regular U.S. mail to Doyc L. Heard, Holmes Correctional Institution, 3142 Thomas Drive, Bonifay, FL 32425 and 160 Ferncliffe Drive, Rochester, NY 14621.

McCONNAUGHHAY, COONROD,
POPE, WEAVER, STERN & THOMAS,
P.A.

s/ Jason C. Taylor
Jason C. Taylor
Florida Bar No. 497525
Email: jtaylor@mcconnaughhay.com
1709 Hermitage Blvd., Ste. 200
Tallahassee, FL 32308
Phone: (850) 222-8121
Fax: (850) 222-4359

Attorney for Defendant
New Leaf Market, Inc.

3

**IN THE CIRCUIT COURT FOR THE TENTH (10th) JUDICIAL CIRCUIT**
**IN AND FOR**
**POLK COUNTY, FLORIDA**

**DOYE L. HEARD,**
    Plaintiff,

**v.**                         **Case No.:** 2015-CA-4168

**PUBLIX SUPERMARKETS,**
**NEW LEAF MARKETS, INC., et.al.,**
    Defendant(s).

_____/

_____

**PLAINTIFF'S REQUESTED MOVE FOR ENTRE**

**OF DEFAULT JUDGMENT**

_____

      **COMES NOW**, the Plaintiff, DOYE L. HEARD, in proper person, to move and respectfully request this Honorable Court, pursuant to the Florida Rules of Civil Procedure; hereby enter/order of Default Judgment against Defendant(s), Publix Supermarkets and New Leaf Markets, Inc., et.al., in this cause. No appearance by/for either Defendant's attorney, lawyer or counsel of record, to reference.

      The Defendant(s) each, on December 09th, 2015, by the hand of the Honorable Clerk of Court, were served summons and copies of the action now pending before this Court. The Defendant(s) silence, will act/operate as a defacto-

1

waiver to any and all affirmative defense(s) and Defendant(s)' agreement to compensation and damages in the expressed amount(s) as set-forth in the original, "Tort Civil Complaint," for relief.

The total amount(s): Seven Million, Five Hundred Thousand (7,500,000.$^{00}$) dollars $^{00}/_{100}$; this amount being, Five Million (5,000,000.$^{00}$) Dollars compensatory (monetary) and Two Million, Five Hundred Thousand (2,500,000.$^{00}$) dollars, damages compensation.

The settled by default agreement amount(s) (in and upon agreed payment) will forever end, close and satisfy this cause of action.

Done and entered upon request, this //≝ day of January 2016, by the hand of the Plaintiff.

Respectfully Submitted,

Doye L. Heard (Plaintiff's Signature)
Holmes Correctional Institution
3142 Thomas Drive
Bonifay, Florida 32425

$^{c}/_{O}$
Doye L. Heard
160 Ferncliffe Drive
Rochester, New York 14621

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing "Plaintiff's Request for Default Judgment," has been furnished, supplied and served, on Defendant(s) to this cause, at: In House Counsel/Staff Attorney(s) for, Publix Supermarkets' Corporate Office, 3300 Publix Corporate Parkway, Lakeland, Florida 33811 and to: In House Counsel/Staff Attorney(s) for, New Leaf Markets Inc., at 1235 Apalachee Parkway, Tallahassee, Florida 32301, by U.S. Postal Mail Delivery, this __11th__ day of January 2016.



Doye L. Heard (Plaintiff's Signature)
Holmes Correctional Institution
3142 Thomas Drive
Bonifay, Florida 32425

PROV
HOLME...
JAN 1 3 2016
FOR MAILING

3

Filing # 36931774 E-Filed 01/25/2016 10:59:07 AM

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL
CIRCUIT OF FLORIDA, IN AND FOR POLK COUNTY

DOYE L. HEARD

         Plaintiff,

vs.                                              CASE NO:   2015-CA-4168
                                                 Sec.       15

PUBLIX SUPERMARKETS
NEW LEAF MARKETS, INC., et. al.,

         Defendants.

_____/

## NOTICE OF SPECIAL APPEARANCE

The undersigned counsel for the Defendant, PUBLIX SUPERMARKETS, makes this special appearance on their behalf. The undersigned shows that it does not appear service has been properly obtained on this Defendant, and therefore, jurisdiction is not waived by this appearance.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of January, 2016 I electronically filed the foregoing with the Clerk of Court using the E-Portal system which will automatically transmit a copy to: Doye L. Heard, Holmes Correctional Institution, 3142 Thomas Drive, Bonifay, FL 32425 and 160 Ferncliffe Drive, Rochester, NY 14621; and Jason Taylor, Esq., jtaylor@mcconnaughhay.com (attorney for New Leaf Market, Inc.).

VALENTI CAMPBELL TROHN TAMAYO & ARANDA
1701 South Florida Avenue
Lakeland, Florida 33803
P.O. Box 2369
Lakeland, FL 33806-2369
(863) 686-0043 (phone)
(863) 616-1445 (facsimile)
Attorney for Defendant

00443037-1

2015CA-004168-0000-00        Received in Polk 01/25/2016 11:01 AM

By____/s/____Jonathan____B.____Trohn_____
JONATHAN B. TROHN
FL BAR #0880558

00443037-1

IN THE CIRCUIT COURT FOR THE TENTH (10TH) JUDICIAL CIRCUIT
IN AND FOR
POLK COUNTY, BARTOW FLORIDA

DOYE L. HEARD,
    Plaintiff,

v.                               **Case No.: 2015-CA-4168**

PUBLIX SUPERMARKETS,
NEW LEAF MARKET, INC., et.al.,
    Defendant(s).



_____/

## PLAINTIFF'S OBJECTION TO MOTION TO TRANSFER VENUE

    Plaintiff, DOYE HEARD, in proper person, pursuant to both State and Federal Rules of Civil Procedure, hereby moves to respectfully enter objection(s) to Defendant, New Leaf Market, Inc. ("New Leaf") counsel, Jason C. Taylor's Motion on Behalf of "New Leaf," seeking a transfer of venue.

    Plaintiff submits the following in opposition to Motion to Transfer Venue:

1. The Honorable Clerk of Court considers jurisdiction and appropriate venue prior filing(s) into Court and assignment of cases; inappropriate venue would have been transferred.

2. Plaintiff believes with all due respect, Defendant's Counsel, Mr. Taylor, may be mistaken concerning venue in cases of joint and/or multiple Defendants, as in the instant case.

1

3. Plaintiff retains option(s) of venue; in such cases, where Defendants joined in cause of action, against Plaintiff.

4. The allegations against Defendants are join ("conspired") co-conspirators.

5. The conduct in the complaint, carried over to Federal (dual) jurisdiction/venue across State-lines.

6. Counsel's unconvincing argument based on jurisdiction or venue is a preliminary defense and comes at the thirteenth (13th) hour, only after an estoppels in pais, estoppels by silence, default judgment has been requested, prior the filing of motion to transfer venue. Plaintiff request, Motion to Transfer, be stricken as untimely.

7. The exact expost-facto exist upon counsel, Taylor's, waiver of process. Process was successfully served and acceptance received. Counsel now seeks to exercise an option that no-longer exist. Had the waiver of process been desired, to "save cost of process," Defendant "New Leaf," may have exercised that option by declining service and payment therefore service was perfected 12-09-2015.

## CONCLUSION

WHEREFORE, Counsel, Jason C. Taylor, specifically filed appearance on behalf of Defendant, New Leaf Market, Inc. No such "counsel appearance" or mention, on behalf of New Leaf Market, Inc. et. al., Co-Defendant Heather Murphy, exist, please have the record reflect. Based on the foregoing objections, Plaintiff reiterates Request and Demand for Default Judgment. Done and requested, ___26th___ day of January 2016.

Respectfully Submitted,

Doye L. Heard (Signature of Plaintiff)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing "Plaintiff's Objections" has been furnished and supplied via U.S. Mail, postal delivery to, Counsel for Defendant, New Leaf Market, Inc., Jason C. Taylor, Esq. at 1709 Hermitage Blvd., Suite 200, Tallahassee, Florida 32308, this ___26th___ day of January 2016.

Doye L. Heard (Signature of Plaintiff)
Holmes Correctional Institution
3142 Thomas Drive
Bonifay, Fl. 32425



3

IN THE CIRCUIT COURT FOR THE TENTH (10TH)
JUDICIAL CIRCUIT, IN AND FOR, POLK COUNTY
BARTOW, FLORIDA

DOYE L. HEARD,
    Plaintiff,

v.                              Case No.: 2015-CA-4168

PUBLIX SUPERMARKETS,
NEW LEAF MARKET, INC., et.al.
    Defendant(s).

_Filed — Civil Law_
_2016 FEB 16 PM 3:04_
_STACY M. BUTTERFIELD_
_CLERK OF CIRCUIT COURT_
_POLK COUNTY, FLORIDA_

---

### PLAINTIFF'S NOTICE OF SERVICE
### AMENDED "SPECIAL APPEARANCE"

---

The Plaintiff, DOYE L. HEARD, in proper person, hereby concedes and files with counsel for Defendant, an Amended Certificate of Service upon:

    Valenti Campbell Trohn Tamayo & Aranda
    1701 South Florida Avenue, Lakeland, Florida 33803
    P.O. Box 2369
    Lakeland, Fl. 33806-2369

Counsel for Defendant, Publix Supermarkets; please accept this belated service of "Plaintiff's Objection to Defendant New Leaf Market, Inc., Counsel Jason C. Taylor's, "Motion to Transfer Venue." Service perfected, this _10th_ day of February 2016 by U.S. Mail, Postal Delivery Service, Copy of Original.

                            Respectfully Submitted,

                            _Doye L. Heard_
                            Doye L. Heard (Plaintiff's Signature)

PROVIDED TO
HOLMES CI ON
FEB 10, 2016
_AH_
FOR MAILING

1

Correct Case Number: _2015CA-004168_

Verified on _02/16/16_

Deputy Clerk Initials _DL_

Stacy M. Butterfield, Clerk of the Circuit Court

IN THE CIRCUIT COURT FOR THE TENTH (10TH) JUDICIAL
CIRCUIT
IN AND FOR
POLK COUNTY, BARTOW FLORIDA

**DOYE L. HEARD,**
    Plaintiff,

v.                          **Case No.: 2015-CA-4168**

**PUBLIX SUPERMARKETS,**
**NEW LEAF MARKET, INC., et.al.,**
    Defendant(s).

Correct Case Number: **2015CA-004168**

Verified on ___**02/16/16**___

Deputy Clerk Initials ___**JL**___
Stacy M. Butterfield, Clerk of the Circuit Court

## PLAINTIFF'S FURTHER OBJECTION(S) TO DEFENDANT NEW LEAF MARKET, INC., MOTION TO TRANSFER VENUE

    The Plaintiff files this further objection, as supplement to earlier objection(s)

filed. The Plaintiff respectfully moves for order striking Defendant New Leaf

Market, Inc.'s Motion to Transfer Venue:

1. The Motion fail to serve an indispensible party, as required by rule of court.
   (Party, Publix Supermarkets).

2. Defendant does not have time to cure defective service the Motion is/was
   untimely filed.

Based on improper service, failure to include service on Publix Supermarket, an

indispensible party to this cause of action, Defendant's New Leaf Market, Inc.,

Motion to Transfer Venue, must be stricken.

Requested, this ___*10th*___ day of February 2016.

*Doye L. Heard*

Doye L. Heard (Signature of Plaintiff)

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing "Plaintiff's Further Objection", as supplement to earlier objection(s) filed, has been furnished and supplied –via- U.S. Mail delivery to: Publix Supermarkets In House Counsel/Staff Attorney(s), at Publix Supermarket's Corporate Office, 3300 Publix Corporate Parkway, Lakeland, Florida 33811 and to: Jason C. Taylor, Counsel/Attorney for New Leaf Market, Inc., at 1709 Hermitage Boulevard, (Suite 200), Tallahassee, Florida 32308, this _10th_ day of February 2016.

Doye L. Heard (Signature of Plaintiff)
Holmes Correctional Institution
3142 Thomas Drive
Bonifay, Fl. 32425

c/o
Doye L. Heard
160 Ferncliffe Drive
Rochester, New York 14621

2

Filing # 38765467 E-Filed 03/08/2016 04:29:41 PM

IN THE CIRUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

DOYE L. HEARD,

     Plaintiff,

v.                                                    Case No. 2015-CA-4168

PUBLIX SUPERMARKETS, INC.
NEW LEAF MARKETS, INC. et al.,

     Defendants.

_____/

### DEFENDANT NEW LEAF MARKET INC.'S
### <u>NOTICE OF TELEPHONIC HEARING</u>

PLEASE TAKE NOTICE that on April 11, 2016, at 9:30 a.m. (Eastern) (15 minutes

allowed), or as soon thereafter as counsel can be heard, Defendant New Leaf Market, Inc., by

and through the undersigned attorneys, will call up for hearing before the Honorable Keith P.

Spoto the following matter:

### DEFENDANT'S MOTION TO TRANSFER VENUE

Defendant's counsel will call Plaintiff at Okaloosa Correctional Institution (850) 683-

4025 prior to calling Judge Spoto.

PLEASE GOVERN YOURSELVES ACCORDINGLY.

1

2015CA-004168-0000-00         Received in Polk 03/08/2016 05:15 PM

MCCONNAUGHHAY, COONROD, POPE,
WEAVER, STERN & THOMAS P.A.

s/Jason C. Taylor
Jason C. Taylor
Florida Bar No. 0497525
Email: jtaylor@mcconnaughhay.com
1709 Hermitage Blvd., Suite 200
Tallahassee, FL 32308
Phone: (850) 222-8121
Fax: (850) 222-4359
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that a copy of the above document has been served by regular United States mail

service this 8th day of March 2016 to the following:

Doyle Heard, #079390
Okaloosa Correctional Institution
3189 Colonel Greg Malloy Rd.
Crestview, FL 32539

s/ Jason C. Taylor
Jason C. Taylor

2

2015CA-004168-0000-00    Received in Polk 03/08/2016 05:15 PM

IN THE TENTH (10TH) JUDICIAL CIRCUIT COURT,
IN AND FOR POLK COUNTY, BARTOW, FLORIDA

DOYE L. HEARD,
    Plaintiff,

v.                          Case No: 15-CA-4168

PUBLIX SUPERMARKET,
NEW LEAF MARKET, INC. ET., AL.
    Defendant(s)
_____/

## AFFIDAVIT IN SUPPORT OF DEFAULT JUDGMENT

State of Florida

County of Okaloosa

### AFFIDAVIT

Sworn to and subscribed before the undersigned personally appeared, Doye L. Heard, the Plaintiff in this cause before this Honorable Court and who did take an Oath and says, Defendants are in Default, against whom a judgment for Affirmative relief has been sought in the expressed amount of seven million, five hundred thousand (7,500,000.00) dollars.

Plaintiff did request the Honorable Clerk of Court enter formal default, on or about, January 8th and 11th, 2016, Defendants who did not appear nor are defendants a minor nor an incompetent person.

Done and Submitted, this 17th day of March 2016.

_____
(Notary Public)

My Commission Expires:

TOBY B. KING
MY COMMISSION # FF-226673
EXPIRES May 28, 2019
Bonded Thru Budget Notary Services

/s/ _____
Doye L. Heard
(Plaintiff's signature)

Correct Case Number: 2015CA-004168

Verified on 03/22/16

Deputy Clerk Initials DL
Stacy M. Butterfield, Clerk of the Circuit Court

FILED-CIVIL LAW
2016 MAR 22 PM 1:45
STACY M. BUTTERFIELD
CLERK OF CIRCUIT COURT
POLK COUNTY, FLORIDA

In The Circuit Court For The Tenth(10ᵀᴴ) Judicial Circuit, In and For, Polk County Bartow, Florida

Doye L. Heard,
        Plaintiff,

—VS—                               Case No.: 15-CA-4116B

Publix Supermarkets,
New Leaf Market, Inc., et. al.,
        Defendant(s).

FILED-CIVIL LAW
2016 MAR 24 PM 3: 32
CLERK
POLK COURT
FLORIDA

Correct Case Number: 2015CA-004168

Verified on    03/24/16

Deputy Clerk Initials    D
Stacy M. Butterfield, Clerk of the Circuit Court

PROVIDED TO OKALOOSA CI
ON    3/18/16
FOR MAILING

Plaintiff's Motion To Strike Defendant's "New Leaf" Motion To Transfer Venue

The Plaintiff Hereby Acknowledges Receipt of Defendant New Leaf Market, Inc.'s, "Notice of Telephonic Hearing", scheduled For April 11ᵗʰ 2016, at 9:30 a.m. (Eastern Time), Hearing Before The Honorable Judge Spoto.
    However, The scheduled Notice's "Certificate of Service," again, Fail to Recognize and Notice (to serve Notice on Defendant Publix Supermarkets), An indispensible party, as Required, Per Title 28 U.S.C. Section 1404, "Requesting Change of Venue" and The Florida Rules of Court (Rule 1.140, subsections (b)(5) and (7), also please Reference, The Florida Rules of Judicial Administration (Rule 2.516 subsections (A) and (F).
    These proceedings Were and Are Commenced in Accordance With Both The Florida Rules and Federal Rules of Civil Procedures. The Defendant New Leaf Market, Inc., Appears To Rely on a Change/Transfer of Venue, as a Defense to the Cause of Action. In Accordance With The Applicable Title 28 U.S.C. Section 1391, Venue Lies in Residency and/or Corporate Headquarters, At The Plaintiff's Option And/or Discretion. A Change of Venue is on the "Consent of All Parties" Please See Title 28 U.S.C. Section 1404.

**1)** <u>VENUE</u> IS FOR CONVENIENCE, ACCOUNTABLE TO A COURT IN A PARTICULAR LOCATION. CERTAINLY, THE DEFENDANT NEW LEAF MARKET, INC., DOES NOT AND CANNOT ANTICIPATE/ EXPECT THE PLAINTIFF TO "CONSENT" FOR MERE CONVENIENCE OF THE DEFENDANT'S.

**2)** <u>JURISDICTION</u> IS THE POWER TO ACT, A COURT'S POWER OVER THE SUBJECT MATTER. IN THIS PARTICULAR CASE, DEF-ENDANT PUBLIX SUPERMARKET HAS OPTED NOT TO WAIVE JURISDICTION, THE PLAINTIFF AGREES, AND HAS EXERCISED THE OPTION FOR THE TENTH (10TH) JUDICIAL CIRCUIT, WHERE THIS CAUSE CURRENTLY LIES; TO <u>NOT</u> BE TRANSFERRED.

AS PREVIOUSLY STATED, VENUE IS CHANGED ON/BY CONSENT OF "ALL PARTIES" PER (TITLE 28 U.S.C. SECTION 1404). COUNSEL FOR DEFENDANT NEW LEAF MARKET, INC., HAS OBVIOUSLY/APPAR-ENTLY CHOSE TO IGNORE/DISREGARD THE FACT NEITHER DEFENDANT PUBLIX SUPERMARKETS NOR THE PLAINTIFF AGREES TO A CHANGE OF VENUE, AS REQUIRED. A CHANGE OF VENUE WOULD OPERATE IN-ADVERTEDLY, AS A CHANGE OR WAIVER OF JURISDICTION.

DEFENDANT NEW LEAF MARKET, INC., OFFERS A VENUE CHANGE/TRANSFER AS A "DEFENSE" PER THE FLORIDA RULES OF CIVIL PROCEDURES (RULE 1.140) AND THE FLORIDA RULES OF JUDICIAL ADMINISTRATION (RULE 2.516). THIS STRATEGY IS ESTOPPED BY DEFAULT; IN ANY CASE, A FAILURE TO RAISE A GROUND OF DEFENSE IN A PROPER MANNER DEEMS THE GROUND WAIVED, EXCEPT FOR JURISDICTIONAL ATTACKS WHICH ARE AVAILABLE AT ANYTIME, PLEASE SEE (FEDERAL RULE 12 AND THE FLORIDA RULES OF COURT 1.140(h)(1)).

"<u>PROPER MANNER</u>", OF RAISING A DEFENSE (GROUND) IS BY-VIA- SERVICE ON EACH PARTY, (SEE FLA.R. JUDICIAL ADMINISTRATION RULE 2.516(a)) AND <u>MUST</u> BE MADE BY DELIVERY OF COPY, TO EACH, <u>(EMPHASIS ADDED)</u>.

2-OF-4

"_Must_," is not optional, "_Must_" is mandatory Language. The Applicable Florida Rules of Civil Procedures (Rule 1.140 subsection (b)(5) insufficiency of service of process and Rule 1.140(b)(7) Failure to join indispensable party or parties are valid defenses, Both Having previously Been Raised on Plaintiff's Motions/ Objections and Request to "Strike" Defendant's Motion to Transfer Venue, By Plaintiff opposing Transfer of Venue.

### Conclusion

Wherefore, Defendant New Leaf Market, Inc.'s, Attempts To Continuously Circumvent The proper Manner, Rules of Service, To Raise a Defense, Act as Waiver, A Defacto Waiver, of Any Defense(s) That may Have Been Available; See Fla. R. of Court (Rule 1.140(b)(1). Because Default Judgment Has Been sought and The Defendant Has and Continue To Ignore, Disregard proper service, As No mention of Defendant Publix Supermarket's participation, By Certificate of Service in The scheduled "Notice of Telephonic Hearing", The Plaintiff Declines To Also participate By submission of This Additional "Motion To Strike", Any improper, unethical, unauthorized, Non-Consent or Agreement Between The Plaintiff and Defendant New Leaf Market, Inc., Absent written Defendant Publix Supermarket and/or By Order of The Court. The Plaintiff Rest His Case.

Done and Submitted, This 18th Day of March 2016, By The Hand of The Undersigned Plaintiff.

Respectfully Submitted
/s/ Doye L. Heard
Doye L. Heard (Plaintiff)
(Signature of Plaintiff)

3-of-4

OKALOOSA CORRECTIONAL INST.
3189 COLONEL GREG MALLOY ROAD
CRESTVIEW, FLORIDA 32539

C/O DOYE L. HEARD
160 FERNCLIFFE DRIVE
ROCHESTER, NEW YORK 14621

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF FOREGOING "PLAINTIFF'S MOTION TO STRIKE", HAS BEEN FURNISHED AND SUPPLIED - VIA - BY U.S. MAIL, THIS 18th DAY OF MARCH 2016, TO: JASON C. TAYLOR, ESQ., ATTORNEY FOR DEFENDANT NEW LEAF MARKET, INC., AT 1709 HERMITAGE BOULEVARD, SUITE 200, TALLAHASSEE, FLORIDA 32308 AND TO: IN HOUSE COUNSEL / STAFF ATTORNEYS FOR, PUBLIX SUPER-MARKET CORPORATE OFFICE, AT 3300 PUBLIX SUPERMARKET CORPORATE PARKWAY, LAKELAND, FLORIDA 33811.

/s/ Doye L. Heard
DOYE L. HEARD
(PLAINTIFF)

4 - OF - 4

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL
CIRCUIT OF FLORIDA, IN AND FOR POLK COUNTY

DOYE L. HEARD

          Plaintiff,

vs.

PUBLIX SUPERMARKETS
NEW LEAF MARKETS, INC., et. al.,

          Defendants.

_____/

CASE NO:   2015-CA-4168
Sec.       15

## NOTICE OF SPECIAL APPEARANCE

    The undersigned counsel for the Defendant, PUBLIX SUPERMARKETS, makes this special appearance on their behalf. The undersigned shows that it does not appear service has been properly obtained on this Defendant, and therefore, jurisdiction is not waived by this appearance.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 25th day of January, 2016 I electronically filed the foregoing with the Clerk of Court using the E-Portal system which will automatically transmit a copy to: Doye L. Heard, Holmes Correctional Institution, 3142 Thomas Drive, Bonifay, FL 32425 and 160 Ferncliffe Drive, Rochester, NY 14621; and Jason Taylor, Esq., jtaylor@mcconnaughhay.com (attorney for New Leaf Market, Inc.).

                  VALENTI CAMPBELL TROHN TAMAYO & ARANDA
                  1701 South Florida Avenue
                  Lakeland, Florida 33803
                  P.O. Box 2369
                  Lakeland, FL 33806-2369
                  (863) 686-0043 (phone)
                  (863) 616-1445 (facsimile)
                  Attorney for Defendant

00443037-1

By____/s/____Jonathan____B.____Trohn____
JONATHAN B. TROHN
FL BAR #0880558

Filing # 38765467 E-Filed 03/08/2016 04:29:41 PM

IN THE CIRUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

DOYE L. HEARD,

    Plaintiff,

v.                                Case No. 2015-CA-4168

PUBLIX SUPERMARKETS, INC.
NEW LEAF MARKETS, INC. et al.,

    Defendants.

_____/

**DEFENDANT NEW LEAF MARKET INC.'S**
**NOTICE OF TELEPHONIC HEARING**

PLEASE TAKE NOTICE that on April 11, 2016, at 9:30 a.m. (Eastern) (15 minutes

allowed), or as soon thereafter as counsel can be heard, Defendant New Leaf Market, Inc., by

and through the undersigned attorneys, will call up for hearing before the Honorable Keith P.

Spoto the following matter:

**DEFENDANT'S MOTION TO TRANSFER VENUE**

Defendant's counsel will call Plaintiff at Okaloosa Correctional Institution (850) 683-

4025 prior to calling Judge Spoto.

PLEASE GOVERN YOURSELVES ACCORDINGLY.

1

MCCONNAUGHHAY, COONROD, POPE,
WEAVER, STERN & THOMAS P.A.

s/Jason C. Taylor
Jason C. Taylor
Florida Bar No. 0497525
Email: jtaylor@mcconnaughhay.com
1709 Hermitage Blvd., Suite 200
Tallahassee, FL 32308
Phone: (850) 222-8121
Fax: (850) 222-4359
Attorneys for Defendant


## CERTIFICATE OF SERVICE

I certify that a copy of the above document has been served by regular United States mail

service this 8th day of March 2016 to the following:

Doyle Heard, #079390
Okaloosa Correctional Institution
3189 Colonel Greg Malloy Rd.
Crestview, FL 32539


s/ Jason C. Taylor
Jason C. Taylor

2

Filing # 39464126 E-Filed 03/25/2016 10:31:03 AM

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL
CIRCUIT OF FLORIDA, IN AND FOR POLK COUNTY

DOYE L. HEARD

           Plaintiff,

vs.                              CASE NO:    2015-CA-4168
                                       Sec.        15

PUBLIX SUPERMARKETS
NEW LEAF MARKETS, INC., et. al.,

           Defendants.

_____/

## <u>MOTION TO QUASH SERVICE OF PROCESS</u>

The undersigned counsel for the Defendant, PUBLIX SUPERMARKETS ("Publix"), moves the Court to enter an order quashing Plaintiff's purported service of process. More specifically, Defendant would show the following:

1.    On November 23, 2015, Plaintiff, a pro se litigant, filed a "Tort Complaint Civil Action" against Defendants requesting $7,500,000.00 in damages for "fraud, resulting in False Imprisonment, cruel and unusual punishment and violation of Plaintiff's right to liberty".

2.    On December 8, 2015, Publix received a copy of the "Tort Complaint Civil Action", a Notice of Commencement of Action, and an unexecuted Waiver of Service Form via US Mail.

3.    While it appears that Plaintiff had a summons issued on December 9, 2015, no summons was ever properly served upon Publix or any of its agents, employees, managers, or directors.

4.    Plaintiff's attempted service of the "Tort Complaint Civil Action" by mail is insufficient under both Section 48.081, Florida Statutes and Florida Rule of Civil

00458864-1

**2015CA-004168-0000-00        Received in Polk 03/28/2016 08:00 AM**

Procedure 1.070, and therefore void. *Transp. & Gen. Ins. Co., Ltd. v. Receiverships of Ins. Exch. of Americas, Inc.*, 576 So. 2d 1351, 1352 (Fla. 1st DCA 1991); *Nationsbank, N.A. v. Ziner*, 726 So. 2d 364, 366 (Fla. 4th DCA 1999).

5.　Any statutes creating an exception to personal service are strictly construed, as due process concerns are implicated, and failure to comply with the procedural requirements contained therein renders any attempted service insufficient and without effect. *Chapman v. Sheffield*, 750 So. 2d 140, 142 (Fla. 1st DCA 2000).

WHEREFORE Defendant, PUBLIX SUPERMARKETS, respectfully requests that this Court quash Plaintiff's initial process as insufficient.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of March, 2016 I electronically filed the foregoing with the Clerk of Court using the E-Portal system which will automatically transmit a copy to:  Jason Taylor, Esq., jtaylor@mcconnaughhay.com (attorney for New Leaf Market, Inc.), and that a copy has been mailed by Regular U.S. mail to Doye L. Heard,#079390, Okaloosa Correctional Institution, 3189 Colonel Greg Malloy Rd., Crestview, FL 32539 and 160 Ferncliffe Drive, Rochester, NY 14621

VALENTI CAMPBELL TROHN TAMAYO & ARANDA
1701 South Florida Avenue
Lakeland, Florida 33803
P.O. Box 2369
Lakeland, FL 33806-2369
(863) 686-0043 (phone)
(863) 616-1445 (facsimile)
Attorney for Defendant


By /s/ Jonathan B. Trohn
JONATHAN B. TROHN
FL BAR #0880558
j.trohn@vctta.com
s.talcott@vctta.com
k.cassata@vctta.com

00458864-1

03-24-2016

FILED-CIVIL LAW

2016 MAR 28 PM 1:50

~~STACY M. BUTTERFIELD~~
CLERK OF CIRCUIT COURT
POLK COUNTY, FLORIDA

HEARD, DOYLE
D.C.# 079390
OKALOOSA CORRECTIONAL INST.
3189 COLONEL GREG MALLOY RD
CRESTVIEW, FLORIDA
          32539

15CA4168

HONORABLE CLERK OF COURT
STACY M. BUTTERFIELD, CPA
DRAWER CC-12
POST OFFICE BOX #9000
BARTOW, FLORIDA 33831

RE: ENCLOSED FINAL JUDGMENT & DEFAULT

DEAR HON, BUTTERFIELD:
        PLEASE FILE AND SUBMIT THE ENCLOSED FOR
HEARD-V-PUBLIX SUPERMARKETS, ETC. ET, AL., CASE
No.: 2015-CA-4168. AN AFFIDAVIT HAS BEEN PREVIOUSLY
SUBMITTED AND NOTICES OF REQUEST AND DEMAND HAVE
ALSO BEEN FILED.
        YOUR TIME, ATTENTION AND CONSIDERATION GIVEN
THIS MATTER; HAS BEEN, AND IS, VERY MUCH APPRECIATED.

                    KINDLY
                    RESPECTFULLY
                /s/ Doyle L. Heard
                    DOYLE L. HEARD
                    (PLAINTIFF'S SIGNATURE)
            C/O 160 FERNCLIFFE DRIVE
                    ROCHESTER, NEW YORK
                              14621

PROVIDED TO OKALOOSA CI
ON 3-24-16
TW    FOR MAILING   DH

# Memo

RECEIVED
DEC C 9 2015
JUDGE SPOTO

**To:** Judge Spoto

**From:** Civil Law Department

**Re:** Indigence Determination

---

Case Number: 2015CA-004168-0000-00

DOYLE L HEARD AKA DOYE L HEARD

Plaintiff

vs

PUBLIX SUPER MARKET CORPORATE OFFICE, ET AL

Defendant

The Civil Law Department has reviewed the attached Inmate Affidavit for Determination of Civil Indigent Status filed on 12/7/15 and has determined the Affiant ( X ) Indigent (   ) Not Indigent.

  X            Please prepare an Order Requiring Department of Corrections or Local Detention Facility to Withdraw Funds.

                  The total amount due to the Clerk is <u>$420.00</u>

\_\_\_\_\_        The Affiant was determined Not Indigent, but filed a Motion for Leave to Proceed Forma Pauperis on Date Filed, please see attached motion for your review.

\_\_\_\_\_        Other:

Dated this 9th, day of December, 2015.

BY: _____

      Deputy Clerk

FILED IN THIS OFFICE

MAR 2 8 2016

CIRCUIT COURT CIVIL

**IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA**

DOYLE L. HEARD,

      Petitioner,

v.

PUBLIX SUPER MARKET CORP. OFFICE, *et al.,*

      Respondents,

_____/

Case No.: 2015-CA-004168

Section: 15

FILED - CIVIL LAW
STACY M. BUTTERFIELD
CLERK OF CIRCUIT COURT
POLK COUNTY, FLORIDA
2016 MAR 28 AM 10:42

## ORDER REQUIRING DEPARTMENT OF CORRECTIONS OR LOCAL DETENTION FACILITY TO WITHDRAW FUNDS

     **THIS MATTER** came before the Court pursuant to Petitioner's *Inmate Affidavit for Determination of Civil Indigent Status* (hereafter "Affidavit") pursuant to Section 57.085, Florida Statutes, filed December 7, 2015, and *Tort Complaint Civil Action,* filed November 23, 2015. After careful consideration of the Affidavit, and all other attachments submitted by Petitioner, the Clerk of the Court determined that the Petitioner is indigent within the intent and meaning of Section 57.085, Florida Statutes.

     Therefore, it is **ORDERED AND ADJUDGED** that Petitioner is Indigent. Pursuant to Section 57.085(5), Florida Statutes, Petitioner is "order[ed] to make monthly payments of no less than 20 [twenty] percent of the balance of the [Petitioner's] trust account as payment of court costs and fees." "[T]he Department of Corrections or the local detention facility shall place a lien on the inmate's trust account for the full amount of the court costs and fees [including **$420.00** for instituting a civil action and issuing of summons], and shall withdraw money maintained in that trust account and forward the money, when the balance exceeds $10.00," [to the Clerk of the Circuit Court, Polk County, Florida], "until the [Petitioner's] court costs and fees are paid in full." *Id.*

     **DONE AND ORDERED** in Bartow, Polk County, Florida on this 28 day of March, 2016.

                               JOHN RADABAUGH
                               Administrative Judge
                               Circuit Civil

cc:   -Doyle L. Heard, DC # 079390, Okaloosa Correctional Institution, 3189 Colonel Greg Malloy Road, Crestview, Florida 32539-6708
       -Department of Corrections, Finance and Accounting/Inmate Trust, Centerville Station, PO Box 12100, Tallahassee, FL 32317-2100

Filing # 39524622 E-Filed 03/28/2016 02:52:56 PM

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL
CIRCUIT OF FLORIDA, IN AND FOR POLK COUNTY

DOYE L. HEARD

        Plaintiff,

vs.                                CASE NO:  2015-CA-4168
                                     Sec.       15

PUBLIX SUPERMARKETS
NEW LEAF MARKETS, INC., et. al.,

        Defendants.
_____/

## NOTICE OF TELEPHONIC HEARING

      PLEASE TAKE NOTICE that Defendant, by the undersigned counsel, has set down and will call up for hearing before the Honorable Keith Spoto, Circuit Judge, at the Polk County Courthouse, 255 N. Broadway, Bartow, Florida, 5A-2 (5th floor, west tower, red elevators), at the below-listed time or as soon thereafter as counsel may be heard, the matter designated as follows:

DATE:             **April 11, 2016**
TIME:             **9:30 a.m.**
MATTER:       **Defendant, PUBLIX' MOTION TO QUASH SERVICE**
TIME RESERVED: **Following New Leaf Market Inc.'s Motion to Change Venue**

Please be governed accordingly.

      Counsel for New Leaf will place call to Plaintiff and Co-Defendant.

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the office of the Court Administrator, (863) 534-4690 within two (2) working days of your receipt of this notice; if you are hearing or voice impaired, call (TDD) 534-7777 or Florida Relay Service (800) 955-8770.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 28th day of March, 2016 I electronically filed the foregoing with the Clerk of Court using the E-Portal system which will automatically transmit a copy to: Jason Taylor, Esq., jtaylor@mcconnaughhay.com (attorney for New Leaf Market, Inc.), and that a copy has been mailed by Regular U.S. mail to Doye L. Heard,#079390, Okaloosa Correctional Institution, 3189 Colonel Greg Malloy Rd., Crestview, FL 32539 and 160 Ferncliffe Drive, Rochester, NY 14621

00458864-1

2015CA-004168-0000-00      **Received in Polk 03/28/2016 02:57 PM**

VALENTI CAMPBELL TROHN TAMAYO & ARANDA
1701 South Florida Avenue
Lakeland, Florida 33803
P.O. Box 2369
Lakeland, FL 33806-2369
(863) 686-0043 (phone)
(863) 616-1445 (facsimile)
Attorney for Defendant


By /s/ Jonathan B. Trohn
JONATHAN B. TROHN
  FL BAR #0880558
  j.trohn@vctta.com
  s.talcott@vctta.com
  k.cassata@vctta.com

00458864-1

2015CA-004168-0000-00        Received in Polk 03/28/2016 02:57 PM

IN THE CIRCUIT COURT FOR THE TENTH (10TH) JUDICIAL
CIRCUIT, IN AND FOR, POLK COUNTY, BARTOW, FLORIDA

DOYE L. HEARD,
    Plaintiff,

v.                             Case No: 2015-CA-4168

PUBLIX SUPERMARKETS,
NEW LEAF MARKETS, INC., ET. AL.
    Defendant(s)
_____/

## MOTION FOR DEFAULT

    Pursuant to the Florida Rules of Civil Procedures (Rule 1.980) Plaintiff moves for entry
of a default by the clerk against Defendant(s) Publix Supermarkets, New Leaf Markers, Inc., etc.,
et. al., for failure to serve any paper on the undersigned or file any paper as required by law.

                              /s/ _Doye L. Heard_
                              Doye L. Heard (Plaintiff)

## DEFAULT

    A default is entered in this action against the Defendant(s) named in the foregoing motion
for failure to serve or file any paper as required by law.

Dated on _____.

                              Hon. Stacy M Butterfield
                              As Clerk of the Court

By_____
                As Deputy Clerk

IN THE CIRCUIT COURT OF THE TENTH (10TH) JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, BARTOW, FLORIDA

DOYE L. HEARD,
     Plaintiff,

v.                                Case No: 2015-CA-4168

PUBLIX SUPERMARKETS,
NEW LEAF MARKETS, INC., ETC., ET., AL.
     Defendants

_____/

### OBJECTIONS TO DEFENDANT'S
### MOTION TO QUASH SERVICE PROCESS

(1) The Plaintiff, a *pro-se* litigant, response, reply and answer Defendant (Publix's) Motion to Quash Service of Process. The Motion is procedurally barred, by estoppel (silence) failure to make timely appearance. Defendant may over-come estoppel, by show of good cause and in good faith.

(2) The Plaintiff would aver the motion, as filed lacks good cause and good faith. Service of the complaint and summons were perfected by the Sheriff's Office of the Tenth (10th) Judicial Circuit, Polk County, Lakeland, Florida and the Honorable Office of the Clerk of the Tenth (10th) Judicial Circuit Courthouse as required by law. (Please see attachments hereto, submitted as proof of proper service process). Per (Form 1.902) and (Fla. Rule Civ. P. 1.070(b)).

(3) Defendant's silence ("failure to appear") within the time allotted by the Florida Rules of Court, specifically (Rule 1.140) act as a defacto waiver (Rule 1.140(h)(1)) and no other further defenses may be raised, entered into these proceedings. The Plaintiff has requested a trial by jury and does not waive that option.

FILED-CIVIL LAW
2016 APR -5 AM 11: 26
STACY M. BUTTERFIELD
CLERK OF CIRCUIT COURT
POLK COUNTY, FLORIDA

(4) Defendant's reliance on <u>Transport & General Insurance Company, LTD v. Receiverships,</u> 576 So.2d 1351, 1352, is misplaced. In the instant case, the Plaintiff executed proper service -via- form 1.902, and Fla. Rule 1.070(b). Proper service was made at the Corporate Headquarters, 3300 Publix Supermarkets, Corporate Office. Plaintiff did not "substitute service" nor did Plaintiff "create an exception" to the general (Rule 1.070(b)) process, as used in <u>Chapman v. Sheffield</u>, 750 So.2d 140, 141 (1 DCA 2000). The argument of (120) days lapse prior attempt(s) to serve Defendant, is also, likewise inapplicable in this case, as used in <u>Nationsbank, N.A. v. Ziner & Mark,</u> 726 So.2d 364.

Whether process of service was lost, misplaced, confused, mistaken or destroyed, does not negate the process was properly, timely executed December 9th, 2015.

WHEREFORE, the twenty (20) days governing the Defendant's motion to quash service process has expired, December 29th, 2015, the motion should be denied, as untimely.

Respectfully submitted,

/s/ _Doye L. Heard_
Doye L. Heard

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's "Objection to Defendant's Motion to Quash Service of Process," has been furnished and supplied-via-by U.S. Mail, this _30th_ day of March, 2016, to: Jonathan B. Trohn, Esq., Attorney for Defendant Publix Supermarkets, at 1701 South Florida Avenue, Lakeland, Florida 33803, and to: Jason C. Taylor, Esq., Attorney for Defendant New Leaf Markets, Inc., at 1709 Hermitage Blvd., Suite 200, Tallahassee, Florida 32308.

Respectfully submitted,

/s/ _Doye L. Heard_

Doye L. Heard
DC# 079390
Okaloosa Correctional Institution
3189 Colonel Greg Malloy Road
Crestview, Florida 32539-6708

c/o   Doye L. Heard
160 Ferncliffe Drive
Rochester, New York 14621

PROVIDED TO OKALOOSA CI
ON 3-30-16
FOR MAILING

3

IN THE CIRCUIT COURT FOR THE TENTH (10TH) JUDICIAL CIRCUIT
IN AND FOR
POLK COUNTY
BARTOW, FLORIDA

DOYE L. HEARD
    Plaintiff,

v.                                   Case No.: 2015-CA-4168

PUBLIX SUPERMARKETS
NEW LEAF MARKETS, INC., et.al.,
    Defendant(s).

## SUMMONS

       The State of Florida:
       To each Sheriff of the,
       State of Florida
       County of Bartow & Leon County, Fl.

**You are Commanded** to serve this summons and a copy of the complaint in this action on Defendant(s) Publix Supermarket and New Leaf Market, Inc.

    Each Defendant is required to serve written Defenses to the Complaint on, Doye L. Heard, Plaintiff's whose address is 3142 Thomas Drive, Holmes C.I., Bonifay, FL, 32425 , within twenty (20) days after service of this summons on that [the] Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff or Plaintiff's Attorney or immediately thereafter. If a Defendant fails to do so, a default

1

04/04/2016

FILED-CIVIL LAW

2016 APR -7 PM 2: 14

STACY M. BUTTERFIELD
CLERK OF CIRCUIT COURT
POLK COUNTY, FLORIDA

HEARD, DOYE
OKALOOSA C.I.
3189 COLONEL GREG MALLOY Rd.
CRESTVIEW, FLORIDA   32539

HONORABLE STACY M. BUTTERFIELD
CLERK OF THE CIRCUIT COURT
POLK COUNTY
BARTOW, FLORIDA

Correct Case Number: 2015CA-004168

Verified on   04/07/16

Deputy Clerk Initials   a
Stacy M. Butterfield, Clerk of the Circuit Court

RE: AMENDED FINAL JUDGMENT  CASE No.: 15-CA-4168

DEAR HON. CLERK OF COURT:

    AN EARLIER FINAL JUDGMENT WAS FORWARDED TO THE COURT'S ATTENTION, FOR HON. JUDGE SPOTO. I UNDERSTAND YOUR OFFICE "FUNCTION AS A TEAM," JUDGE SPOTO, MAY OR MAY NOT BE THE ADMINISTRATIVE JUDGE ASSIGNED TO EXECUTE THE FINAL JUDGEMENT.

    ENCLOSED, ATTACHED, PLEASE FIND A REQUEST FOR "FINAL JUDGMENT" THAT MAY BE EXECUTED, CARRIED-OUT, BY ANY JUDICIAL ADMINISTRATOR, THE CLERK MAY DECIDE, DESIGNATE AT THE COURT'S DISCRETION, WORKING AS A TEAM.

    YOUR TIME, CONSIDERATION AND ATTENTION TO THIS MATTER, AS ALWAYS, IS VERY MUCH APPRECIATED, THANK YOU.

PROVIDED TO OKALOOSA CI
ON 4-4-16
TW   FOR MAILING   AH

KINDLY RESPECTFULLY

Doye L. Heard
DOYE L. HEARD
(SIGNATURE OF THE PLAINTIFF)

ATTACHMENT
NOT FILED WITH PLEADING

IN THE CIRCUIT COURT OF THE TENTH (10TH) JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, BARTOW, FLORIDA

DOYE L. HEARD,
     Plaintiff,

v.                                Case No: 2015-CA-4168

PUBLIX SUPERMARKETS,
NEW LEAF MARKETS, INC.,
TODD JONES (C.E.O.),
DAVID PHILLIPS (C.F.O.), ET.AL.,
PUBLIX SUPERMARKETS, CORPORATE OFFICE
3300 PUBLIX CORPORATE PARKWAY
LAKELAND, FLORIDA 33811,
     Defendants.
_____/



## REQUEST FOR AMENDED SERVICE OF PROCESS, AS TO DEFENDANT PUBLIX SUPERMARKETS

The Plaintiff hereby files this request for amended service of process, as to Defendant

Publix Supermarkets and ask that the Clerk of the Court for the Tenth (10th) Judicial Circuit,

Polk County, Bartow, Florida to re-issue summon(s) and a copy of the original complaint to:

Todd Jones, (C.E.O.), Publix Supermarkets and David Phillips, (C.F.O.), Publix Supermarkets,

at: 3300 Publix Supermarket Corporate Parkway, Lakeland, Florida 33811.

Respectfully submitted,

/s/ _Doye L. Heard_
Doye L. Heard (Plaintiff's signature)

PROVIDED TO OKALOOSA CI
ON _4/12/16_
FOR MAILING

IN THE CIRCUIT COURT OF THE TENTH (10TH) JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, BARTOW, FLORIDA

DOYE L. HEARD,
     Plaintiff/Appellant

v.
                                  Case No: 2015-CA-4168

PUBLIX SUPERMARKETS,
NEW LEAF MARKET, INC., ETC., ET.AL.,
     Defendant(s)/Appellee(s)
_____/

### PLAINTIFF'S REQUEST TO CLERK OF COURT FOR VERIFICATION OF SUMMON(S) NOTICE OF RETURN OF SERVICE

Please be advised, the Plaintiff has received acknowledgement of documents packet served on Defendant Publix Supermarkets, December 09, 2015.

Defendant has claimed, service was never perfected, as required by law, (Rule 1.070(b)). The Honorable Judge Radabaugh, has charged my individual account, four hundred and twenty ($420.00) dollars for service and initiation of complaint proceedings.

Please provide copies of Sheriff's return copies and receipt, that this matter may fully be corrected, substantiated, thank you.

This *13ᵗʰ* day of April, 2016.

                                  Kindly Respectfully,

                          /s/ *Doye L. Heard*
                          Doye L. Heard (Plaintiff)

INSTR # 2016068308  OR BK 09798  PG 1362  04/19/2016  08:50 AM
STACY M. BUTTERFIELD Clerk of County Court Polk County Recorded By Court

IN THE CIRCUIT COURT OF THE TENTH (10TH) JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, BARTOW, FLORIDA

DOYE L. HEARD,
    Plaintiff/Appellant

v.                                Case No: 2015-CA-4168

PUBLIX SUPERMARKETS,
NEW LEAF MARKET, INC., ETC., ET.AL.,
    Defendant(s)/Appellee(s)
_____/

### NOTICE OF APPEAL OF A NON-FINAL ORDER

    Notice is given, that Doye L. Heard, Plaintiff/Appellant, appeals to the Second District

Court of Appeals, the order of this court rendered April 11th, 2016, by telephonic hearing,

Honorable Judge Spoto. The written order has not been received for purpose of attachment. The

nature of the order is a non-final oral determination to grant and allow Defendant's Motion(s) to

Transfer Venue and Motion to Quash Service of Process, perfected 12-09-2015, by (Rule

1.070(b)), without accompanying requirements of law.


/s/ _Doye L. Heard_
Doye L. Heard (Plaintiff)
Okaloosa Correctional Institution
3189 Colonel Greg Malloy Road
Crestview, Florida 32539-6708

### CERTIFICATE OF SERVICE

    I certify copies have been provided to attorneys for each defendant, this _13th_ day of

April, 2016, Jonathon B. Trohn and Jason C. Taylor, by U.S. Mail.

PROVIDED TO OKALOOSA CI
ON  4-13-16

_TLB_  FOR MAILING  _OH_

/s/ _Doye L. Heard_

IN THE CIRCUIT COURT OF THE TENTH (10TH) JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, BARTOW, FLORIDA

DOYE L. HEARD,
    Plaintiff,

v.                                Case No: 2015-CA-4168

PUBLIX SUPERMARKETS,
NEW LEAF MARKETS, INC.,

*ERIC IRONS (CUSTODIAN OF RECORDS)*

*PUBLIX SUPERMARKETS*

*777 CAPITAL CIRCLE, S.W,*

*TALLAHASSEE, FLORIDA 32319*

    Defendants.
_____/

## AMENDED SERVICE OF SUMMONS

    The State of Florida:
    To each Sheriff of the,
    State of Florida
    County of Polk & Leon County, Fl.

    **You are Commanded** to serve this summon(s) and a copy of the complaint in this action

on Defendant(s) Publix Supermarket and New Leaf Market, Inc.

    Each Defendant is required to serve written Defenses to the Complaint on, Doye L.

Heard, Plaintiff's whose address is 3189 Colonel Greg Malloy Rd., Okaloosa C.I., Crestview,

FL. c/o Doye L. Heard; 160 Ferncliffe Drive, Rochester, NY 14621, within twenty (20) days

after service of this summon(s) on that [the] Defendant, exclusive of the day of service and to file

the original of the defenses with the Clerk of this Court either before service on Plaintiff or

Plaintiff's Attorney or immediately thereafter. If a Defendant fails to do so, a default will be

entered against that Defendant for the relief demanded in the complaint.

Dated on ____4/18/16_____.

Stacy M. Butterfield

A Clerk of the Court

By _____/s/ Lori Armijo_____

As Deputy Clerk

2

IN THE CIRCUIT COURT OF THE TENTH (10TH) JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, BARTOW, FLORIDA

DOYE L. HEARD,
    Plaintiff,

v.

                         Case No: 2015-CA-4168

PUBLIX SUPERMARKETS,
NEW LEAF MARKETS INC., ETC., ET.AL.,
    Defendant(s)
_____/

## MOTION FOR DEFAULT AND FINAL JUDGMENT ORDER

Comes now, the Plaintiff, Doye L. Heard, a *pro-se* litigant, to respectfully move and request this honorable court for default and final judgment order pursuant to the Florida Rules of Civil Procedure(s) Rule (1.140) defenses:

    (a) When presented

        (1) Unless a different time is prescribed in a statute of Florida, a defendant shall serve an answer within twenty (20) days after service of original process and the initial pleading on the defendant.

The Plaintiff avers the Defendant(s) are in default as a matter of law. The Defendant(s)' untimely move(s) to request a "Transfer of Venue and Motion to Quash Service of Process," does not toll time prescribed in the above Florida Rules of Civil Procedures (Rule 1.140(a)(1)).

The word "shall" is mandatory language and the court may not circumvent the rule(s) for the convenience of the Defendant(s). Defendant(s) went in default, December 29th, 2015. The Plaintiff submitted numerous motion(s) to the court's attention prior to Defendants' motion to request a transfer (change) of venue and Defendants' alleged denial of service process. Each motion was submitted untimely.

A motion requesting enlargement or an extension of time in order to file an answer, based on either of Defendants' alleged strategies of change of venue or quash service, would have or

Correct Case Number: 2015CA-004168
Verified on_____ 04/19/16
Deputy Clerk Initials_____ DL
Stacy M. Butterfield, Clerk of the Circuit Court

should have been timely filed in a good faith effort to toll time for filing an answer to the original pleading. *Visioneering Concrete Const. Co. v. Rogers*, 120 So. 2d 644; *American Liberty Ins. Co. v. Maddox*, 238 So. 2d 154.

1. No appearance has been made for Defendant Publix's employee custodian of records, Mr. Eric Irons. Nor has Mr. Irons, claimed service was not perfected. Mr. Irons, is in default.

2. No appearance has been made for Defendant New Leaf Markets, Inc., Employee –co-Defendant Heather Murphy. No request to transfer venue on behalf of employee Murphy, the affiant. Co-Defendant Heather Murphy, is in default.

Since no motions, request or explanation for enlargement and/or extension(s) of time has been sought in a timely manner, the Plaintiff believes default and final judgment are appropriate, as a matter of law.

Wherefore, Plaintiff hereby request this court grant relief petitioned -via- default and final judgment, as previously submitted, this _14th_ day of April, 2016.

Respectfully submitted,

/s/ *Doye L. Heard*

Doye L. Heard (Plaintiff)

PROVIDED TO OKALOOSA CI
ON ___4-14-16___
FOR MAILING

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing "motion for default and final judgment," has been furnished and supplied -via- U.S. Mail, this 14th day of April, 2016, to: Counsels for Defendant Publix Supermarkets and Defendant New Leaf Markets, Inc., Jonathan B. Trohn, ESQ., 1701 South Florida Avenue, Lakeland, FL 33803; and Jason C. Taylor, ESQ. at 1709 Hermitage Blvd., Suite 200, Tallahassee, FL 32308.

Respectfully submitted,

/s/ *Doye L. Heard*
Doye L. Heard #079390
Okaloosa C.I., Crestview, FL.

# IN THE CIRCUIT COURT FOR THE TENTH (10th) JUDICIAL CIRCUIT
## IN AND FOR
## POLK COUNTY, FLORIDA

**DOYE L. HEARD,**
     Plaintiff,

**v.**                                             **Case No.:** <u>2015-CA-4168</u>

**PUBLIX SUPERMARKETS,**
**NEW LEAF MARKETS, INC., et.al.,**
     Defendant(s).
_____/

---

## PLAINTIFF'S REQUESTED MOVE FOR ENTRE
## OF DEFAULT JUDGMENT

---

**COMES NOW,** the Plaintiff, DOYE L. HEARD, in proper person, to move and respectfully request this Honorable Court, pursuant to the Florida Rules of Civil Procedure; hereby enter/order of Default Judgment against Defendant(s), Publix Supermarkets and New Leaf Markets, Inc., et.al., in this cause. No appearance by/for either Defendant's attorney, lawyer or counsel of record, to reference.

The Defendant(s) each, on December 09th, 2015, by the hand of the Honorable Clerk of Court, were served summons and copies of the action now pending before this Court. The Defendant(s) silence, will act/operate as a defacto-

1

waiver to any and all affirmative defense(s) and Defendant(s)' agreement to compensation and damages in the expressed amount(s) as set-forth in the original, "Tort Civil Complaint," for relief.

The total amount(s): Seven Million, Five Hundred Thousand (7,500,000.$^{00}$) dollars $^{00}/_{100}$; this amount being, Five Million (5,000,000.$^{00}$) Dollars compensatory (monetary) and Two Million, Five Hundred Thousand (2,500,000.$^{00}$) dollars, damages compensation.

The settled by default agreement amount(s) (in and upon agreed payment) will forever end, close and satisfy this cause of action.

Done and entered upon request, this //$\underline{\underline{th}}$ day of January 2016, by the hand of the Plaintiff.

Respectfully Submitted,

*Doye L. Heard*

Doye L. Heard (Plaintiff's Signature)
Holmes Correctional Institution
3142 Thomas Drive
Bonifay, Florida 32425

$^{c}/_{0}$
Doye L. Heard
160 Ferncliffe Drive
Rochester, New York 14621

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing "Plaintiff's Request for Default Judgment," has been furnished, supplied and served, on Defendant(s) to this cause, at: In House Counsel/Staff Attorney(s) for, Publix Supermarkets' Corporate Office, 3300 Publix Corporate Parkway, Lakeland, Florida 33811 and to: In House Counsel/Staff Attorney(s) for, New Leaf Markets Inc., at 1235 Apalachee Parkway, Tallahassee, Florida 32301, by U.S. Postal Mail Delivery, this _11th_ day of January 2016.

Doye L. Heard (Plaintiff's Signature)
Holmes Correctional Institution
3142 Thomas Drive
Bonifay, Florida 32425

3

IN THE CIRCUIT COURT FOR THE TENTH (10TH) JUDICIAL
CIRCUIT, IN AND FOR, POLK COUNTY, BARTOW, FLORIDA

DOYE L. HEARD,
     Plaintiff,

v.                             Case No: <u>2015-CA-4168</u>

PUBLIX SUPERMARKETS,
NEW LEAF MARKETS, INC., ET. AL.
     Defendant(s)
_____/

### MOTION FOR DEFAULT

    Pursuant to the Florida Rules of Civil Procedures (Rule 1.980) Plaintiff moves for entry

of a default by the clerk against Defendant(s) Publix Supermarkets, New Leaf Markers, Inc., etc.,

et. al., for failure to serve any paper on the undersigned or file any paper as required by law.

                                   /s/ *Doye L. Heard*

                                   Doye L. Heard (Plaintiff)

### DEFAULT

    A default is entered in this action against the Defendant(s) named in the foregoing motion

for failure to serve or file any paper as required by law.

Dated on _____.

                               Hon. Stacy M Butterfield
                               As Clerk of the Court

                      By_____
                               As Deputy Clerk

IN THE TENTH (10TH) JUDICIAL CIRCUIT COURT,
IN AND FOR POLK COUNTY, BARTOW, FLORIDA

DOYE L. HEARD,
    Plaintiff,

v.                              Case No: 15-CA-4168

PUBLIX SUPERMARKET,
NEW LEAF MARKET, INC. ET., AL.
    Defendant(s)
_____/

## AFFIDAVIT IN SUPPORT OF DEFAULT JUDGMENT

State of Florida

County of Okaloosa

### AFFIDAVIT

    Sworn to and subscribed before the undersigned personally appeared, Doye L. Heard, the Plaintiff in this cause before this Honorable Court and who did take an Oath and says, Defendants are in Default, against whom a judgment for Affirmative relief has been sought in the expressed amount of seven million, five hundred thousand (7,500,000.00) dollars.

    Plaintiff did request the Honorable Clerk of Court enter formal default, on or about, January 8th and 11th, 2016, Defendants who did not appear nor are defendants a minor nor an incompetent person.

Done and Submitted, this _____ day of March 2016.

_____         /s/ *Doye L. Heard*
    Notary Public                  Doye L. Heard
                              (Plaintiff's signature)
_____
    My Commission Expires

*Original on File in Case*

INSTR # 2016069902  OR BK 09800  PG 0893  04/20/2016  02:56 PM
STACY M. BUTTERFIELD Clerk of County Court Polk County Recorded By Court

IN THE CIRCUIT COURT OF THE TENTH (10TH) JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, BARTOW, FLORIDA

DOYE L. HEARD,
        Plaintiff/Appellant

v.                                          Case No: 2015-CA-4168

PUBLIX SUPERMARKETS,
NEW LEAF MARKET, INC., ETC., ET.AL.,
        Defendant(s)/Appellee(s)
_____/

## NOTICE OF APPEAL OF A NON-FINAL ORDER

Notice is given, that Doye L. Heard, Plaintiff/Appellant, appeals to the Second District

Court of Appeals, the order of this court rendered April 11th, 2016, by telephonic hearing,

Honorable Judge Spoto. The written order has not been received for purpose of attachment. The

nature of the order is a non-final oral determination to grant and allow Defendant's Motion(s) to

Transfer Venue and Motion to Quash Service of Process, perfected 12-09-2015, by (Rule

1.070(b)), without accompanying requirements of law.

WITH APPENDIX

/s/ _Doye L. Heard_
Doye L. Heard (Plaintiff)
Okaloosa Correctional Institution
3189 Colonel Greg Malloy Road
Crestview, Florida 32539-6708

## CERTIFICATE OF SERVICE

I certify copies have been provided to attorneys for each defendant, this _13th_ day of

April, 2016, Jonathon B. Trohn and Jason C. Taylor, by U.S. Mail.

/s/ _Doye L. Heard_

OR BK 09800 PG 0894

IN THE CIRCUIT COURT OF THE TENTH (10TH) JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, BARTOW, FLORIDA

DOYE L. HEARD,
    Plaintiff,

v.                                 Case No: 2015-CA-4168

PUBLIX SUPERMARKETS,
NEW LEAF MARKETS, INC., ETC. ET.AL.,
    Defendants.
_____/

## NOTICE OF INTERLOCUTORY APPEAL REQUESTED

COMES NOW, the Plaintiff, Doye L. Heard, a *pro-se* litigant, to respectfully move this Honorable Court for Interlocutory Appeal to the Second (2nd) District Court of Appeal, of the Honorable Circuit Court Judge Spoto's, Decision(s) rendered-via-telephonic hearing, April 11th, 2016, in the above captioned case (*Heard v. Publix Supermarkets, New Leaf Markets, Inc., etc. et.al.*). Per (Fla. R. App. P. 9.130).

The Plaintiff believes in good faith, the judge may have abused his discretion in granting both Defendant Publix Supermarkets and New Leaf Markets, Inc.'s "Motion(s) to Quash Service of Process and Motion to Transfer Venue," respectively.

(1) Defendant "New Leaf Markets, Inc.'s" motion fail to comport with the requirement(s) of Florida Rule(s) of Court (Rule 3.240).

    (a) That a fair and impartial proceeding cannot be had.

    (b) The motion fail to be accompanied by required affidavits and burden proof (by evidence) of prejudice. *Shiver v. State*, 41, 630, 27 So. 36, *Pietri v. State*, 644 So.

2d 1347 (1994); *Barr v. Florida Board of Regents*, 644 So. 2d 333, 337 (1 DCA 1999):

> "It is established rule of venue that it is Plaintiff's prerogative to select venue and, as long as selection is one of alternatives provided by statute, Plaintiff's selection will not be disturbed"

*Hancock v. Wilkinson*, 407 So. 2d 1969 (Fla. 2 DCA 1981); and *Smith v. Williams*, 160 Fla. 580, 35 So. 2d 844, 847 (1948).

(2) Defendant Publix Supermarkets' claims are contrary to the record. The record indicates service was properly executed, per (Fla. R. Civ. P. 1.070(b)), please see attachments. *King v. Insurance Co. of North America*, 426 So. 2d 1302; and *Lazo v. Bill Swad Leasing Co.*, 548 So. 2d 1194 (1989). Evidence is required to corroborate Defendant Publix's Denial of service, did not meet the clear and convincing standard of proof as required by law to support court's decision.

## CONCLUSION

Whether such motion(s), requesting change of venue and quash service of process, would toll time for affirmative defense, without an accompanying motion requesting enlargement or extension of time.

OR BK 09800 PG 0896

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing "Notice of Interlocutory Appeal" has been furnished and supplied-via-U.S. Mail, this *13th* day of April, 2016, to: Jonathan B. Trohn, Esq., Attorney for Publix Supermarkets, at 1701 South Florida Avenue, Lakeland, Florida 33803 and to: Jason C. Taylor, Esq., Attorney for New Leaf Market, Inc., at 1709 Hermitage Blvd., Ste. 200, Tallahassee, Florida 32308.

/s/ *Doye L. Heard*
Doye L. Heard
D.C. # 079390
Okaloosa Correctional Institution
3189 Colonel Greg Malloy Road
Crestview, Florida 32539

c/o
Doye L. Heard
160 Ferncliffe Drive
Rochester, New York 14621

3

OR BK 09800 PG 0897

Filing # 38765467 E-Filed 03/08/2016 04:29:41 PM

IN THE CIRUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

DOYE L. HEARD,

     Plaintiff,

v.                                 Case No. 2015-CA-4168

PUBLIX SUPERMARKETS, INC.
NEW LEAF MARKETS, INC. et al.,

     Defendants.

_____/

**DEFENDANT NEW LEAF MARKET INC.'S**
**NOTICE OF TELEPHONIC HEARING**

     PLEASE TAKE NOTICE that on April 11, 2016, at 9:30 a.m. (Eastern) (15 minutes

allowed), or as soon thereafter as counsel can be heard, Defendant New Leaf Market, Inc., by

and through the undersigned attorneys, will call up for hearing before the Honorable Keith P.

Spoto the following matter:

**DEFENDANT'S MOTION TO TRANSFER VENUE**

     Defendant's counsel will call Plaintiff at Okaloosa Correctional Institution (850) 683-

4025 prior to calling Judge Spoto.

     PLEASE GOVERN YOURSELVES ACCORDINGLY.

1

Filing # 36589704 E-Filed 01/14/2016 04:07:31 PM

IN THE CIRUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

DOYE L. HEARD,

     Plaintiff,

v.                                Case No. 2015-CA-4168

PUBLIX SUPERMARKETS, INC.
NEW LEAF MARKETS, INC. et al.,

     Defendants.

_____/

## MOTION TO TRANSFER VENUE

Defendant, NEW LEAF MARKET, INC. ("New Leaf"), through counsel and pursuant to Fla. R. Civ. P. 1.060(b), moves this Court for entry of an order transferring the venue of the action against it to the Second Judicial Circuit, in and for Leon County, Florida, and in support thereof states:

1.     Plaintiff Doye L. Heard filed this action in the Tenth Judicial Circuit, in and for Polk County, Florida, alleging a number of claims against New Leaf. Plaintiff's Complaint fails to allege venue is proper and identifies New Leaf as a corporation located in Tallahassee, Florida.

2.     New Leaf is a corporation with its principal place of business in Tallahassee, Florida. It does not operate any portion of its business in Polk County or any location within the Tenth Judicial Circuit.

3.     Plaintiff fails to allege any action by New Leaf took place in Polk County. The only alleged actions by New Leaf or any agent of New Leaf are alleged instead to have occurred in Leon County, Florida.

1

OR BK 09800 PG 0899

4.      Venue is proper only in the county where the defendant resides, where the cause of action accrued or where property related to the litigation is located. Fla. Stat. § 47.011 (2014). Plaintiff fails to allege any facts sufficient for venue to exist in Polk County as related to any claims against New Leaf and no such facts exist.

5.      Based on the foregoing, assuming this Court determines Plaintiff's Complaint or related documents state any valid cause of action, transfer of the venue for this action to Leon County is required.

WHEREFORE, Defendant, NEW LEAF MARKET, INC., requests this Court enter an Order transferring the venue of this matter to the Second Judicial Circuit, in and for Leon County, Florida.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served this 14th day of January, 2016, by regular U.S. mail to Doye L. Heard, Holmes Correctional Institution, 3142 Thomas Drive, Bonifay, FL 32425 and 160 Ferncliffe Drive, Rochester, NY 14621.

McCONNAUGHHAY, COONROD, POPE, WEAVER, STERN & THOMAS, P.A.


s/ Jason C. Taylor
Jason C. Taylor
Florida Bar No. 497525
Email: jtaylor@mcconnaughhay.com
1709 Hermitage Blvd., Ste. 200
Tallahassee, FL 32308
Phone: (850) 222-8121
Fax: (850) 222-4359

Attorney for Defendant
New Leaf Market, Inc.

OR BK 09800 PG 0901

# IN THE CIRCUIT COURT FOR THE TENTH (10ᵀᴴ) JUDICIAL CIRCUIT
## IN AND FOR
### POLK COUNTY, BARTOW FLORIDA

**DOYE L. HEARD,**
    Plaintiff,

**v.**                               **Case No.:** 2015-CA-4168

**PUBLIX SUPERMARKETS,**
**NEW LEAF MARKET, INC., et.al.,**
    Defendant(s).
_____/

## PLAINTIFF'S OBJECTION TO MOTION TO TRANSFER VENUE

Plaintiff, DOYE HEARD, in proper person, pursuant to both State and Federal Rules of Civil Procedure, hereby moves·to respectfully enter objection(s) to Defendant,· New Leaf Market, Inc. ("New Leaf") counsel, Jason C. Taylor's Motion on Behalf of "New Leaf," seeking a transfer of venue.

Plaintiff submits the following in opposition to Motion to Transfer Venue:

1. The Honorable Clerk of Court considers jurisdiction and appropriate venue prior filing(s) into Court and assignment of cases; inappropriate venue would have been transferred.

2. Plaintiff believes with all due respect, Defendant's Counsel, Mr. Taylor, may be mistaken concerning venue in cases of joint and/or multiple Defendants, as in the instant case.

1

OR BK 09800 PG 0902

3. Plaintiff retains option(s) of venue; in such cases, where Defendants joined in cause of action, against Plaintiff.

4. The allegations against Defendants are join ("conspired") co-conspirators.

5. The conduct in the complaint, carried over to Federal (dual) jurisdiction/venue across State-lines.

6. Counsel's unconvincing argument based on jurisdiction or venue is a preliminary defense and comes at the thirteenth (13th) hour, only after an estoppels in pais, estoppels by silence, default judgment has been requested, prior the filing of motion to transfer venue. Plaintiff request, Motion to Transfer, be stricken as untimely.

7. The exact expost-facto exist upon counsel, Taylor's, waiver of process. Process was successfully served and acceptance received. Counsel now seeks to exercise an option that no-longer exist. Had the waiver of process been desired, to "save cost of process," Defendant "New Leaf," may have exercised that option by declining service and payment therefore service was perfected 12-09-2015.

OR BK 09800 PG 0903

## CONCLUSION

WHEREFORE, Counsel, Jason C. Taylor, specifically filed appearance on behalf of Defendant, New Leaf Market, Inc. No such "counsel appearance" or mention, on behalf of New Leaf Market, Inc. et. al., Co-Defendant Heather Murphy, exist, please have the record reflect. Based on the foregoing objections, Plaintiff reiterates Request and Demand for Default Judgment. Done and requested, _26th_ day of January 2016.

Respectfully Submitted,

_Doye L. Heard_
Doye L. Heard (Signature of Plaintiff)

*Supplemental*
### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing "Plaintiff's Objections" has been furnished and supplied via U.S. Mail, postal delivery to, Counsel for Defendant, New Leaf Market, Inc., Jason C. Taylor, Esq. at 1709 Hermitage Blvd., Suite 200, Tallahassee, Florida 32308, this _26th_ day of January 2016. *Amended Service To: Jonathan B. Trohn, at 1701 South Florida Avenue, Lakeland, Florida 33803*

*P.O. Box 2369*
*Lakeland, FL.*
*33806-2369*

_Doye L. Heard_
Doye L. Heard (Signature of Plaintiff)
Holmes Correctional Institution
3142 Thomas Drive
Bonifay, Fl. 32425

3

IN THE CIRCUIT COURT FOR THE TENTH (10TH)
JUDICIAL CIRCUIT, IN AND FOR, POLK COUNTY
BARTOW, FLORIDA

Doye L. Heard,
          PLAINTIFF,
     —VS—                                    CASE No.: 15-CA-4168
PUBLIX SUPERMARKETS,
NEW LEAF MARKET, INC., et. al.,
          DEFENDANT(S).

PLAINTIFF'S MOTION TO
STRIKE DEFENDANT'S "NEW LEAF"
MOTION TO TRANSFER VENUE

THE PLAINTIFF HEREBY ACKNOWLEDGES RECEIPT OF
DEFENDANT NEW LEAF MARKET, INC.'S "NOTICE OF TELEPHONIC
HEARING", SCHEDULED FOR April 11th, 2016, AT 9:30 A.M. (EAST-
ERN TIME), HEARING BEFORE THE HONORABLE JUDGE SPOTO.

HOWEVER, THE SCHEDULED NOTICE'S "CERTIFICATE OF SERVICE",
AGAIN, FAIL TO RECOGNIZE AND NOTICE (TO SERVE NOTICE ON DEFEN-
DANT PUBLIX SUPERMARKETS), AN INDISPENSIBLE PARTY, AS REQUIRED,
PER TITLE 28 U.S.C. SECTION 1404, "REQUESTING CHANGE OF VENUE"
AND THE FLORIDA RULES OF COURT (RULE 1.140, SUBSECTIONS (b)(5)
AND (7), ALSO PLEASE REFERENCE, THE FLORIDA RULES OF JUDICIAL
ADMINISTRATION (RULE 2.516 SUBSECTIONS (A) AND (F).

THESE PROCEEDINGS WERE AND ARE COMMENCED IN ACCORD-
ANCE WITH BOTH THE FLORIDA RULES AND FEDERAL RULES OF CIVIL
PROCEDURES, THE DEFENDANT NEW LEAF MARKET, INC., APPEARS
TO RELY ON A CHANGE/TRANSFER OF VENUE, AS A DEFENSE TO THE
CAUSE OF ACTION. IN ACCORDANCE WITH THE APPLICABLE TITLE 28
U.S.C. SECTION 1391, VENUE LIES IN RESIDENCY AND/OR CORPORATE
HEADQUARTERS, AT THE PLAINTIFF'S OPTION AND/OR DISCRETION.
A CHANGE OF VENUE IS ON THE "CONSENT OF ALL PARTIES",
PLEASE SEE TITLE 28 U.S.C. SECTION 1404.

1.) <u>Venue</u> is for convenience, accountable to a court in a particular location. Certainly, the defendant New Leaf Market, Inc., does not and cannot anticipate/expect the Plaintiff to "consent" for mere convenience of the defendant's.

2.) <u>Jurisdiction</u> is the power to act, a court's power over the subject matter. In this particular case, defendant Publix Supermarket has opted not to waive jurisdiction, the Plaintiff agrees, and has exercised the option for the Tenth (10th) Judicial Circuit, where this cause currently lies; to <u>Not</u> be transferred.

As previously stated, venue is changed on/by consent of "All parties," per (Title 28 U.S.C. Section 1404). Counsel for defendant New Leaf Market, Inc., has obviously/apparently chose to ignore/disregard the fact neither defendant Publix Supermarkets nor the Plaintiff agrees to a change of venue, as required. A change of venue would operate inadvertedly, as a change or waiver of jurisdiction.

Defendant New Leaf Market, Inc., offers a venue change/transfer as a "Defense" per the Florida Rules of Civil Procedures (Rule 1.140) and the Florida Rules of Judicial Administration (Rule 2.516). This strategy is estopped by default; in any case, a failure to raise a ground of defense in a proper manner deems the ground waived, except for jurisdictional attacks which are available at anytime, please see (Federal Rule 12 and the Florida Rules of Court 1.140 (h)(1)).

"<u>Proper Manner</u>," of raising a defense (ground) is by-via-service on each party, (see Fla. R. Judicial Administration Rule 2.516 (a)) and <u>Must</u> be made by delivery of copy, to each, <u>(Emphasis Added)</u>.

2 - of - 4

"_MUST_" IS NOT OPTIONAL, "MUST" IS MANDATORY LANGUAGE. THE APPLICABLE FLORIDA RULES OF CIVIL PROCE-DURES (RULE 1.140 SUBSECTION (b)(5) INSUFFICIENCY OF SERVICE OF PROCESS AND RULE 1.140(b)(7) FAILURE TO JOIN INDISPENSABLE PARTY OR PARTIES ARE VALID DEFENSES, BOTH HAVING PREVIOUSLY BEEN RAISED ON PLAINTIFF'S MOTIONS/OBJECTIONS AND REQUEST TO "STRIKE" DEFENDANT'S MOTION TO TRANSFER VENUE, BY PLAINTIFF OPPOSING TRANSFER OF VENUE.

## Conclusion

WHEREFORE, DEFENDANT NEW LEAF MARKET, INC.'s ATTEMPTS TO CONTINUOUSLY CIRCUMVENT THE PROPER MANNER, RULES OF SERVICE, TO RAISE A DEFENSE, ACT AS WAIVER, A DEFACTO WAIVER, OF ANY DEFENSE(S) THAT MAY HAVE BEEN AVAILABLE; SEE FLA. R. OF COURT (RULE 1.140(b)(1). BECAUSE DEFAULT JUDGMENT HAS BEEN SOUGHT AND THE DEFENDANT HAS AND CONTINUE TO IGNORE, DISREGARD PROPER SERVICE, AS NO MENTION OF DEFENDANT PUBLIX SUPERMARKET'S PART-ICIPATION, BY CERTIFICATE OF SERVICE IN THE SCHEDULED "NOTICE OF TELEPHONIC HEARING", THE PLAINTIFF _DECLINES_ TO ALSO PARTICIPATE BY SUBMISSION OF THIS ADDITIONAL "MOTION TO STRIKE", _ANY IMPROPER, UNETHICAL, UNAUTHORIZED, NON-CONSENT_ OR _AGREEMENT_ BETWEEN THE PLAINTIFF AND DEFENDANT NEW LEAF MARKET, INC., ABSENT WRITTEN DEFENDANT PUBLIX SUPERMARKET AND/OR BY ORDER OF THE COURT. THE PLAINTIFF REST HIS CASE.
DONE AND SUBMITTED, THIS 10th DAY OF MARCH 2016, BY THE HAND OF THE UNDERSIGNED PLAINTIFF.

RESPECTFULLY SUBMITTED
/s/ _Doye L. Heard_
DOYE L. HEARD (PLAINTIFF)
(SIGNATURE OF PLAINTIFF)

3-OF-4

OKALOOSA CORRECTIONAL INST.
3189 COLONEL GREG MALLOY ROAD
CRESTVIEW, FLORIDA 32539

C/O DOYE L. HEARD
160 FERNCLIFFE DRIVE
ROCHESTER, NEW YORK 14621

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY
OF FOREGOING "PLAINTIFF'S MOTION TO STRIKE" HAS BEEN
FURNISHED AND SUPPLIED - VIA- BY U.S. MAIL, THIS 10th
DAY OF MARCH 2016, TO: JASON C. TAYLOR, ESQ., ATTORNEY
FOR DEFENDANT NEW LEAF MARKET, INC., AT 1709 HERMITAGE
BOULEVARD, SUITE 200, TALLAHASSEE, FLORIDA 32308 AND TO:
IN HOUSE COUNSEL/STAFF ATTORNEYS FOR, PUBLIX SUPER-
MARKET CORPORATE OFFICE, AT 3300 PUBLIX SUPERMARKET
CORPORATE PARKWAY, LAKELAND, FLORIDA 33811.

/S/ Doye Heard
DOYE L. HEARD
(PLAINTIFF)

PROVIDED TO OKALOOSA CI
ON 4-14-16
FOR MAILING

4-OF-4

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL
CIRCUIT OF FLORIDA, IN AND FOR POLK COUNTY

DOYE L. HEARD

        Plaintiff,

vs.

PUBLIX SUPERMARKETS
NEW LEAF MARKETS, INC., et. al.,

        Defendants.

CASE NO:   2015-CA-4168
Sec.        15

_____/

## NOTICE OF TELEPHONIC HEARING

    PLEASE TAKE NOTICE that Defendant, by the undersigned counsel, has set down and will call up for hearing before the Honorable Keith Spoto, Circuit Judge, at the Polk County Courthouse, 255 N. Broadway, Bartow, Florida, 5A-2 (5th floor, west tower, red elevators), at the below-listed time or as soon thereafter as counsel may be heard, the matter designated as follows:

| | |
|---|---|
| DATE: | **April 11, 2016** |
| TIME: | **9:30 a.m.** |
| MATTER: | **Defendant, PUBLIX' MOTION TO QUASH SERVICE** |
| TIME RESERVED: | **Following New Leaf Market Inc.'s Motion to Change Venue** |

Please be governed accordingly.

    Counsel for New Leaf will place call to Plaintiff and Co-Defendant.

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the office of the Court Administrator, (863) 534-4690 within two (2) working days of your receipt of this notice; if you are hearing or voice impaired, call (TDD) 534-7777 or Florida Relay Service (800) 955-8770.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 28th day of March, 2016 I electronically filed the foregoing with the Clerk of Court using the E-Portal system which will automatically transmit a copy to: Jason Taylor, Esq., jtaylor@mcconnaughhay.com (attorney for New Leaf Market, Inc.), and that a copy has been mailed by Regular U.S. mail to Doye L. Heard,#079390, Okaloosa Correctional Institution, 3189 Colonel Greg Malloy Rd., Crestview, FL 32539 and 160 Ferncliffe Drive, Rochester, NY 14621

00458864-1

VALENTI CAMPBELL TROHN TAMAYO & ARANDA
1701 South Florida Avenue
Lakeland, Florida 33803
P.O. Box 2369
Lakeland, FL 33806-2369
(863) 686-0043 (phone)
(863) 616-1445 (facsimile)
Attorney for Defendant


By /s/ Jonathan B. Trohn
JONATHAN B. TROHN
  FL BAR #0880558
  j.trohn@vctta.com
  s.talcott@vctta.com
  k.cassata@vctta.com

00456554-1

OR BK 09800 PG-0910·

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL
CIRCUIT OF FLORIDA, IN AND FOR POLK COUNTY

DOYE L. HEARD

        Plaintiff,

vs.

                              CASE NO:  2015-CA-4168
                              Sec.      15

PUBLIX SUPERMARKETS
NEW LEAF MARKETS, INC., et. al.,

        Defendants.

_____/

## MOTION TO QUASH SERVICE OF PROCESS

    The undersigned counsel for the Defendant, PUBLIX SUPERMARKETS ("Publix"), moves the Court to enter an order quashing Plaintiff's purported service of process. More specifically, Defendant would show the following:

    1.    On November 23, 2015, Plaintiff, a pro se litigant, filed a "Tort Complaint Civil Action" against Defendants requesting $7,500,000.00 in damages for "fraud, resulting in False Imprisonment, cruel and unusual punishment and violation of Plaintiff's right to liberty".

    2.    On December 8, 2015, Publix received a copy of the "Tort Complaint Civil Action", a Notice of Commencement of Action, and an unexecuted Waiver of Service Form via US Mail.

    3.    While it appears that Plaintiff had a summons issued on December 9, 2015, no summons was ever properly served upon Publix or any of its agents, employees, managers, or directors.

    4.    Plaintiff's attempted service of the "Tort Complaint Civil Action" by mail is insufficient under both Section 48.081, Florida Statutes and Florida Rule of Civil

00456864-1

Procedure 1.070, and therefore void. *Transp. & Gen. Ins. Co., Ltd. v. Receiverships of Ins. Exch. of Americas, Inc.*, 576 So. 2d 1351, 1352 (Fla. 1st DCA 1991); *Nationsbank, N.A. v. Ziner*, 726 So. 2d 364, 366 (Fla. 4th DCA 1999).

5.      Any statutes creating an exception to personal service are strictly construed, as due process concerns are implicated, and failure to comply with the procedural requirements contained therein renders any attempted service insufficient and without effect. *Chapman v. Sheffield*, 750 So. 2d 140, 142 (Fla. 1st DCA 2000).

WHEREFORE Defendant, PUBLIX SUPERMARKETS, respectfully requests that this Court quash Plaintiff's initial process as insufficient.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of March, 2016 I electronically filed the foregoing with the Clerk of Court using the E-Portal system which will automatically transmit a copy to: Jason Taylor, Esq., jtaylor@mcconnaughhay.com (attorney for New Leaf Market, Inc.), and that a copy has been mailed by Regular U.S. mail to Doye L. Heard, Okaloosa Correctional Institution, 3189 Colonel Greg Malloy Rd., Crestview, FL 32539 and 160 Ferncliffe Drive, Rochester, NY 14621

VALENTI CAMPBELL TROHN TAMAYO & ARANDA
1701 South Florida Avenue
Lakeland, Florida 33803
P.O. Box 2369
Lakeland, FL 33806-2369
(863) 686-0043 (phone)
(863) 616-1445 (facsimile)
Attorney for Defendant


By /s/ Jonathan B. Trohn
JONATHAN B. TROHN
 FL BAR #0880558
 j.trohn@vctta.com
 s.talcott@vctta.com
 k.cassata@vctta.com

00458664-1

OR BK 09800 PG 0912

IN THE CIRCUIT COURT OF THE TENTH (10TH) JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, BARTOW, FLORIDA

DOYE L. HEARD,
     Plaintiff,

v.                                     Case No: 2015-CA-4168

PUBLIX SUPERMARKETS,
NEW LEAF MARKETS, INC., ETC., ET., AL.
     Defendants
_____/

### OBJECTIONS TO DEFENDANT'S
### MOTION TO QUASH SERVICE PROCESS

(1) The Plaintiff, a *pro-se* litigant, response, reply and answer Defendant (Publix's) Motion to Quash Service of Process. The Motion is procedurally barred, by estoppel (silence) failure to make timely appearance. Defendant may over-come estoppel, by show of good cause and in good faith.

(2) The Plaintiff would aver the motion, as filed lacks good cause and good faith. Service of the complaint and summons were perfected by the Sheriff's Office of the Tenth (10th) Judicial Circuit, Polk County, Lakeland, Florida and the Honorable Office of the Clerk of the Tenth (10th) Judicial Circuit Courthouse as required by law. (Please see attachments hereto, submitted as proof of proper service process). Per (Form 1.902) and (Fla. Rule Civ. P. 1.070(b)).

(3) Defendant's silence ("failure to appear") within the time allotted by the Florida Rules of Court, specifically (Rule 1.140) act as a defacto waiver (Rule 1.140(h)(1)) and no other further defenses may be raised, entered into these proceedings. The Plaintiff has requested a trial by jury and does not waive that option.

OR BK 09800 PG·0913·

(4) Defendant's reliance on <u>Transport & General Insurance Company, LTD v. Receiverships</u>, 576 So.2d 1351, 1352, is misplaced. In the instant case, the Plaintiff executed proper service -via- form 1.902, and Fla. Rule 1.070(b). Proper service was made at the Corporate Headquarters, 3300 Publix Supermarkets, Corporate Office. Plaintiff did not "substitute service" nor did Plaintiff "create an exception to the general (Rule 1.070(b)) process, as used in <u>Chapman v. Sheffield</u>, 750 So.2d 140, 141 (1 DCA 2000). The argument of (120) days lapse prior attempt(s) to serve Defendant, is also, likewise inapplicable in this case, as used in <u>Nationsbank, N.A. v. Ziner & Mark</u>, 726 So.2d 364.

Whether process of service was lost, misplaced, confused, mistaken or destroyed, does not negate the process was properly, timely executed December 9th, 2015.

WHEREFORE, the twenty (20) days governing the Defendant's motion to quash service process has expired, December 29th, 2015, the motion should be denied, as untimely.

Respectfully submitted,

/s/ *Doye L Heard*

Doye L. Heard

2

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's "Objection to Defendant's Motion to Quash Service of Process," has been furnished and supplied-via-by U.S. Mail, this __30<u>th</u>__ day of March, 2016, to: Jonathan B. Trohn, Esq., Attorney for Defendant Publix Supermarkets, at 1701 South Florida Avenue, Lakeland, Florida 33803, and to: Jason C. Taylor, Esq., Attorney for Defendant New Leaf Markets, Inc., at 1709 Hermitage Blvd., Suite 200, Tallahassee, Florida 32308.

Respectfully submitted,

/s/ _Doye L. Heard_

Doye L. Heard
DC# 079390
Okaloosa Correctional Institution
3189 Colonel Greg Malloy Road
Crestview, Florida 32539-6708

c/o   Doye L. Heard
      160 Ferncliffe Drive
      Rochester, New York 14621

3

IN THE CIRCUIT COURT FOR THE TENTH (10TH) JUDICIAL CIRCUIT
IN AND FOR
POLK COUNTY
BARTOW, FLORIDA

DOYE L. HEARD
    Plaintiff,

v.                        Case No.: *2015-CA-4168*

PUBLIX SUPERMARKETS
NEW LEAF MARKETS, INC., et.al.,
    Defendant(s).

## SUMMONS

The State of Florida:
To each Sheriff of the,
State of Florida
County of Bartow & Leon County, Fl.

**You are Commanded** to serve this summons and a copy of the complaint in this action on Defendant(s) Publix Supermarket and New Leaf Market, Inc.

Each Defendant is required to serve written Defenses to the Complaint on, Doye L. Heard, Plaintiff's whose address is *3142 Thomas Drive, Holmes C.I., Bonifay, FL. 32425*,

within twenty (20) days after service of this summons on that [the] Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff or Plaintiff's Attorney or immediately thereafter. If a Defendant fails to do so, a default

1

will be entered against that Defendant for the relief demanded in the complaint.

Dated on ___*December 9, 2015*___.

**Stacy M.** Butterfield

A Clerk of the Court

By _____

As Deputy Clerk

DEF.:
*PUBLIX SUPERMARKET, CORPORATE OFFICE*
*3300 PUBLIX CORPORATE PARKWAY*
*LAKELAND, FLORIDA 33811*

*NEW LEAF MARKET, INC.*
*1235 APALACHEE PARKWAY*
*TALLAHASSEE, FLORIDA 32301*

2

IN THE CIRCUIT COURT OF THE TENTH (10TH) JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, BARTOW, FLORIDA

DOYE L. HEARD,
     Plaintiff,

v.                            Case No: 2015-CA-4168

PUBLIX SUPERMARKETS,
NEW LEAF MARKETS, INC., ETC. ET.AL.,
     Defendants.
_____/

<u>NOTICE OF INTERLOCUTORY APPEAL REQUESTED</u>

COMES NOW, the Plaintiff, Doye L. Heard, a *pro-se* litigant, to respectfully move this Honorable Court for Interlocutory Appeal to the Second (2nd) District Court of Appeal, of the Honorable Circuit Court Judge Spoto's, Decision(s) rendered-via-telephonic hearing, April 11th, 2016, in the above captioned case (*Heard v. Publix Supermarkets, New Leaf Markets, Inc., etc. et.al.*). Per (Fla. R. App. P. 9.130).

The Plaintiff believes in good faith, the judge may have abused his discretion in granting both Defendant Publix Supermarkets and New Leaf Markets, Inc.'s "Motion(s) to Quash Service of Process and Motion to Transfer Venue," respectively.

(1) Defendant "New Leaf Markets, Inc.'s" motion fail to comport with the requirement(s) of Florida Rule(s) of Court (Rule 3.240).

    (a) That a fair and impartial proceeding cannot be had.

    (b) The motion fail to be accompanied by required affidavits and burden proof (by evidence) of prejudice. *Shiver v. State*, 41, 630, 27 So. 36, *Pietri v. State*, 644 So.

PROVIDED TO OKALOOSA CI
ON ___4|17|16___
FOR MAILING _____

2d 1347 (1994); *Barr v. Florida Board of Regents*, 694 So. 2d 333, 337 (1 DCA 1999):

> "It is established rule of venue that it is Plaintiff's prerogative to select venue and, as long as selection is one of alternatives provided by statute, Plaintiff's selection will not be disturbed"

*Hancock v. Wilkinson*, 407 So. 2d 1969 (Fla. 2 DCA 1981): and *Smith v. Williams*, 160 Fla. 580, 35 So. 2d 844, 847 (1948).

(2) Defendant Publix Supermarkets' claims are contrary to the record. The record indicates service was properly executed, per (Fla. R. Civ. P. 1.070(b)), please see attachments. *King v. Insurance Co. of North America*, 426 So. 2d 1302; and *Lazo v. Bill Swad Leasing Co.*, 548 So. 2d 1194 (1989). Evidence is required to corroborate Defendant Publix's Denial of service, did not meet the clear and convincing standard of proof as required by law to support court's decision.

## CONCLUSION

Whether such motion(s), requesting change of venue and quash service of process, would toll time for affirmative defense, without an accompanying motion requesting enlargement or extension of time.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing "Notice of Interlocutory Appeal" has been furnished and supplied via U.S. Mail, this 12th day of April, 2016, to: Jonathan B. Trohn, Esq., Attorney for Publix Supermarkets, at 1701 South Florida Avenue, Lakeland, Florida 33803 and to: Jason C. Taylor, Esq., Attorney for New Leaf Market, Inc., at 1709 Hermitage Blvd., Ste. 200, Tallahassee, Florida 32308.

/s/ *Doye L. Heard*

Doye L. Heard
D.C. # 079390
Okaloosa Correctional Institution
3189 Colonel Greg Malloy Road
Crestview, Florida 32539

c/o

Doye L. Heard
160 Ferncliffe Drive
Rochester, New York 14621

3

Filing # 38765467 E-Filed 03/08/2016 04:29:41 PM

IN THE CIRUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

DOYE L. HEARD,

     Plaintiff,

v.                                                      Case No. 2015-CA-4168

PUBLIX SUPERMARKETS, INC.
NEW LEAF MARKETS, INC. et al.,

     Defendants.

_____/

### DEFENDANT NEW LEAF MARKET INC.'S
### NOTICE OF TELEPHONIC HEARING

PLEASE TAKE NOTICE that on April 11, 2016, at 9:30 a.m. (Eastern) (15 minutes allowed), or as soon thereafter as counsel can be heard, Defendant New Leaf Market, Inc., by and through the undersigned attorneys, will call up for hearing before the Honorable Keith P. Spoto the following matter:

### DEFENDANT'S MOTION TO TRANSFER VENUE

Defendant's counsel will call Plaintiff at Okaloosa Correctional Institution (850) 683-4025 prior to calling Judge Spoto.

PLEASE GOVERN YOURSELVES ACCORDINGLY.

1

Filing # 36589704 E-Filed 01/14/2016 04:07:31 PM

IN THE CIRUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

DOYE L. HEARD,

     Plaintiff,

v.                              Case No. 2015-CA-4168

PUBLIX SUPERMARKETS, INC.
NEW LEAF MARKETS, INC. et al.,

     Defendants.

_____/

## MOTION TO TRANSFER VENUE

Defendant, NEW LEAF MARKET, INC. ("New Leaf"), through counsel and pursuant to Fla. R. Civ. P. 1.060(b), moves this Court for entry of an order transferring the venue of the action against it to the Second Judicial Circuit, in and for Leon County, Florida, and in support thereof states:

1.    Plaintiff Doye L. Heard filed this action in the Tenth Judicial Circuit, in and for Polk County, Florida, alleging a number of claims against New Leaf. Plaintiff's Complaint fails to allege venue is proper and identifies New Leaf as a corporation located in Tallahassee, Florida.

2.    New Leaf is a corporation with its principal place of business in Tallahassee, Florida. It does not operate any portion of its business in Polk County or any location within the Tenth Judicial Circuit.

3.    Plaintiff fails to allege any action by New Leaf took place in Polk County. The only alleged actions by New Leaf or any agent of New Leaf are alleged instead to have occurred in Leon County, Florida.

1

4.      Venue is proper only in the county where the defendant resides, where the cause of action accrued or where property related to the litigation is located. Fla. Stat. § 47.011 (2014). Plaintiff fails to allege any facts sufficient for venue to exist in Polk County as related to any claims against New Leaf and no such facts exist.

5.      Based on the foregoing, assuming this Court determines Plaintiff's Complaint or related documents state any valid cause of action, transfer of the venue for this action to Leon County is required.

WHEREFORE, Defendant, NEW LEAF MARKET, INC., requests this Court enter an Order transferring the venue of this matter to the Second Judicial Circuit, in and for Leon County, Florida.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served this 14th day of January, 2016, by regular U.S. mail to Doye L. Heard, Holmes Correctional Institution, 3142 Thomas Drive, Bonifay, FL 32425 and 160 Ferncliffe Drive, Rochester, NY 14621.

McCONNAUGHHAY, COONROD,
POPE, WEAVER, STERN & THOMAS,
P.A.

s/ Jason C. Taylor
Jason C. Taylor
Florida Bar No. 497525
Email: jtaylor@mcconnaughhay.com
1709 Hermitage Blvd., Ste. 200
Tallahassee, FL 32308
Phone: (850) 222-8121
Fax: (850) 222-4359

Attorney for Defendant
New Leaf Market, Inc.

3

**IN THE CIRCUIT COURT FOR THE TENTH (10TH) JUDICIAL CIRCUIT**
**IN AND FOR**
**POLK COUNTY, BARTOW FLORIDA**

**DOYE L. HEARD,**
    Plaintiff,

v.                        **Case No.: 2015-CA-4168**

**PUBLIX SUPERMARKETS,**
**NEW LEAF MARKET, INC., et.al.,**
    Defendant(s).

_____/

## PLAINTIFF'S OBJECTION TO MOTION TO TRANSFER VENUE

Plaintiff, DOYE HEARD, in proper person, pursuant to both State and Federal Rules of Civil Procedure, hereby moves to respectfully enter objection(s) to Defendant, New Leaf Market, Inc. ("New Leaf") counsel, Jason C. Taylor's Motion on Behalf of "New Leaf," seeking a transfer of venue.

Plaintiff submits the following in opposition to Motion to Transfer Venue:

1. The Honorable Clerk of Court considers jurisdiction and appropriate venue prior filing(s) into Court and assignment of cases; inappropriate venue would have been transferred.

2. Plaintiff believes with all due respect, Defendant's Counsel, Mr. Taylor, may be mistaken concerning venue in cases of joint and/or multiple Defendants, as in the instant case.

3. Plaintiff retains option(s) of venue; in such cases, where Defendants joined in cause of action, against Plaintiff.

4. The allegations against Defendants are join ("conspired") co-conspirators.

5. The conduct in the complaint, carried over to Federal (dual) jurisdiction/venue across State-lines.

6. Counsel's unconvincing argument based on jurisdiction or venue is a preliminary defense and comes at the thirteenth (13th) hour, only after an estoppels in pais, estoppels by silence, default judgment has been requested, prior the filing of motion to transfer venue. Plaintiff request, Motion to Transfer, be stricken as untimely.

7. The exact expost-facto exist upon counsel, Taylor's, waiver of process. Process was successfully served and acceptance received. Counsel now seeks to exercise an option that no-longer exist. Had the waiver of process been desired, to "save cost of process," Defendant "New Leaf," may have exercised that option by declining service and payment therefore service was perfected 12-09-2015.

2

## CONCLUSION

WHEREFORE, Counsel, Jason C. Taylor, specifically filed appearance on behalf of Defendant, New Leaf Market, Inc. No such "counsel appearance" or mention, on behalf of New Leaf Market, Inc. et. al., Co-Defendant Heather Murphy, exist, please have the record reflect. Based on the foregoing objections, Plaintiff reiterates Request and Demand for Default Judgment. Done and requested, _26th_ day of January 2016.


Respectfully Submitted,

_Doye L. Heard_
Doye L. Heard (Signature of Plaintiff)

## *SUPPLEMENTAL* CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing "Plaintiff's Objections" has been furnished and supplied via U.S. Mail, postal delivery to, Counsel for Defendant, New Leaf Market, Inc., Jason C. Taylor, Esq. at 1709 Hermitage Blvd., Suite 200, Tallahassee, Florida 32308, this _26th_ day of January 2016. AMENDED SERVICE TO: JONATHAN B. TROHN, AT 1701 SOUTH FLORIDA AVENUE, LAKELAND, FLORIDA 33803

P.O. BOX 2369
LAKELAND, FL.
33806-2369

_Doye L. Heard_
Doye L. Heard (Signature of Plaintiff)
Holmes Correctional Institution
3142 Thomas Drive
Bonifay, Fl. 32425

3

IN THE CIRCUIT COURT FOR THE TENTH (10TH)
JUDICIAL CIRCUIT, IN AND FOR, POLK COUNTY
BARTOW, FLORIDA

DOYE L. HEARD,
        PLAINTIFF,
    —VS—                           CASE NO.: 15-CA-4168
PUBLIX SUPERMARKETS,
NEW LEAF MARKET, INC., et. al.,
        DEFENDANT(S).

PLAINTIFF'S MOTION TO
STRIKE DEFENDANT'S "NEW LEAF"
MOTION TO TRANSFER VENUE

THE PLAINTIFF HEREBY ACKNOWLEDGES RECEIPT OF
DEFENDANT NEW LEAF MARKET, INC.'S, "NOTICE OF TELEPHONIC
HEARING", SCHEDULED FOR APRIL 11TH 2016, AT 9:30 A.M. (EAST-
ERN TIME), HEARING BEFORE THE HONORABLE JUDGE SPOTO.

    HOWEVER, THE SCHEDULED NOTICE'S "CERTIFICATE OF SERVICE,"
AGAIN, FAIL TO RECOGNIZE AND NOTICE (TO SERVE NOTICE ON DEFEN-
DANT PUBLIX SUPERMARKETS) AN INDISPENSIBLE PARTY, AS REQUIRED,
PER TITLE 28 U.S.C. SECTION 1404, "REQUESTING CHANGE OF VENUE"
AND THE FLORIDA RULES OF COURT (RULE 1.140, SUBSECTIONS (b)(5)
AND (7), ALSO PLEASE REFERENCE, THE FLORIDA RULES OF JUDICIAL
ADMINISTRATION (RULE 2.516 SUBSECTIONS (A) AND (F).

    THESE PROCEEDINGS WERE AND ARE COMMENCED IN ACCORD-
ANCE WITH BOTH THE FLORIDA RULES AND FEDERAL RULES OF CIVIL
PROCEDURES. THE DEFENDANT NEW LEAF MARKET, INC., APPEARS
TO RELY ON A CHANGE/TRANSFER OF VENUE, AS A DEFENSE TO THE
CAUSE OF ACTION. IN ACCORDANCE WITH THE APPLICABLE TITLE 28
U.S.C. SECTION 1391, VENUE LIES IN RESIDENCY AND/OR CORPORATE
HEADQUARTERS, AT THE PLAINTIFF'S OPTION AND/OR DISCRETION.
A CHANGE OF VENUE IS ON THE "CONSENT OF ALL PARTIES",
PLEASE SEE TITLE 28 U.S.C. SECTION 1404.

**1)** VENUE IS FOR CONVENIENCE, ACCOUNTABLE TO A COURT IN A PARTICULAR LOCATION. CERTAINLY, THE DEFENDANT NEW LEAF MARKET, INC., DOES NOT AND CANNOT ANTICIPATE/ EXPECT THE PLAINTFF TO "CONSENT" FOR MERE CONVENIENCE OF THE DEFENDANT'S.

**2)** JURISDICTION IS THE POWER TO ACT, A COURT'S POWER OVER THE SUBJECT MATTER. IN THIS PARTICULAR CASE, DEFENDANT PUBLIX SUPERMARKET HAS OPTED NOT TO WAIVE JURISDICTION, THE PLAINT.FF AGREES, AND HAS EXERCISED THE OPTION FOR THE TENTH(10TH) JUDICIAL CIRCUIT, WHERE THIS CAUSE CURRENTLY LIES; TO NOT BE TRANSFERRED.

AS PREVIOUSLY STATED, VENUE IS CHANGED ON/BY CONSENT OF "ALL PARTIES," PER (TITLE 28 U.S.C. SECTION 1404). COUNSEL FOR DEFENDANT NEW LEAF MARKET, INC., HAS OBVIOUSLY/APPARENTLY CHOSE TO IGNORE/DISREGARD THE FACT NEITHER DEFENDANT PUBLIX SUPERMARKETS NOR THE PLAINT.FF AGREES TO A CHANGE OF VENUE, AS REQUIRED. A CHANGE OF VENUE WOULD OPERATE INADVERTEDLY, AS A CHANGE OR WAIVER OF JURISDICTION.

DEFENDANT NEW LEAF MARKET, INC., OFFERS A VENUE CHANGE/TRANSFER AS A "DEFENSE" PER THE FLORIDA RULES OF CIVIL PROCEDURES (RULE 1.140) AND THE FLORIDA RULES OF JUDICIAL ADMINISTRATION (RULE 2.516). THIS STRATEGY IS ESTOPPED BY DEFAULT; IN ANY CASE, A FAILURE TO RAISE A GROUND OF DEFENSE IN A PROPER MANNER DEEMS THE GROUND WAIVED, EXCEPT FOR JURISDICTIONAL ATTACKS WHICH ARE AVAILABLE AT ANYTIME, PLEASE SEE (FEDERAL RULE 12 AND THE FLORIDA RULES OF COURT 1.140(h)(1)). "PROPER MANNER", OF RAISING A DEFENSE (GROUND) IS BY-VIA- SERVICE ON EACH PARTY, (SEE FLA. R. JUDICIAL ADMINISTRATION RULE 2.516 (a)) AND MUST BE MADE BY DELIVERY OF COPY, TO EACH, (EMPHASIS ADDED).

2-OF-4

"Must," is not optional, "Must" is mandatory language. The applicable Florida Rules of Civil Procedures (Rule 1.140 subsection (b)(5) Insufficiency of service of Process and Rule 1.140 (b)(7) Failure to join indispensable party or parties are valid defenses, both having previously been raised on Plaintiff's Motions/Objections and request to "Strike" Defendant's Motion to transfer venue, by plaintiff opposing transfer of Venue.

## Conclusion

Wherefore, Defendant New Leaf Market, Inc.'s, attempts to continuously circumvent the proper manner, rules of service, to raise a defense, act as waiver, a defacto waiver, of any defense(s) that may have been available; see Fla. R. of Court (Rule 1.140(b)(1). Because default judgment has been sought and the Defendant has and continue to ignore, disregard proper service, as no mention of Defendant Publix Supermarket's participation, by Certificate of Service in the scheduled "Notice of Telephonic Hearing", the Plaintiff declines to also participate by submission of this additional "Motion to Strike", any improper, unethical, unauthorized, non-consent or agreement between the Plaintiff and Defendant New Leaf Market, Inc.; absent written Defendant Publix Supermarket and/or by order of the Court. The Plaintiff rest his case.

Done and Submitted, this 10ᵗʰ Day of March 2016, by the hand of the undersigned Plaintiff.

Respectfully Submitted
/s/ _Doye L. Heard_
Doye L. Heard (Plaintiff)
(Signature of Plaintiff)

3-of-4

OKALOOSA CORRECTIONAL INST.
3189 COLONEL GREG MALLOY ROAD
CRESTVIEW, FLORIDA 32539

C/O DOYE L. HEARD
160 FERNCLIFFE DRIVE
ROCHESTER, NEW YORK 14621

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF FOREGOING "PLAINTIFF'S MOTION TO STRIKE" HAS BEEN FURNISHED AND SUPPLIED - VIA- BY U.S. MAIL, THIS 10 th DAY OF MARCH 2016, TO: JASON C. TAYLOR, ESQ., ATTORNEY FOR DEFENDANT NEW LEAF MARKET, INC., AT 1709 HERMITAGE BOULEVARD, SUITE 200, TALLAHASSEE, FLORIDA 32308 AND TO: IN HOUSE COUNSEL/STAFF ATTORNEYS FOR, PUBLIX SUPERMARKET CORPORATE OFFICE, AT 3300 PUBLIX SUPERMARKET CORPORATE PARKWAY, LAKELAND, FLORIDA 33811.

/s/ _____
DOYE L. HEARD
(PLAINTIFF)

4-OF-4

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL
CIRCUIT OF FLORIDA, IN AND FOR POLK COUNTY

DOYE L. HEARD

        Plaintiff,

vs.

                              CASE NO:  2015-CA-4168
                              Sec.       15

PUBLIX SUPERMARKETS
NEW LEAF MARKETS, INC., et. al.,

        Defendants.

_____/

## NOTICE OF TELEPHONIC HEARING

      PLEASE TAKE NOTICE that Defendant, by the undersigned counsel, has set down and will call up for hearing before the Honorable Keith Spoto, Circuit Judge, at the Polk County Courthouse, 255 N. Broadway, Bartow, Florida, 5A-2 (5th floor, west tower, red elevators), at the below-listed time or as soon thereafter as counsel may be heard, the matter designated as follows:

DATE:           **April 11, 2016**
TIME:            **9:30 a.m.**
MATTER:      **Defendant, PUBLIX' MOTION TO QUASH SERVICE**
TIME RESERVED: **Following New Leaf Market Inc.'s Motion to Change Venue**

Please be governed accordingly.

      Counsel for New Leaf will place call to Plaintiff and Co-Defendant.

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the office of the Court Administrator, (863) 534-4690 within two (2) working days of your receipt of this notice; if you are hearing or voice impaired, call (TDD) 534-7777 or Florida Relay Service (800) 955-8770.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 28th day of March, 2016 I electronically filed the foregoing with the Clerk of Court using the E-Portal system which will automatically transmit a copy to: Jason Taylor, Esq., jtaylor@mcconnaughhay.com (attorney for New Leaf Market, Inc.), and that a copy has been mailed by Regular U.S. mail to Doye L. Heard,#079390, Okaloosa Correctional Institution, 3189 Colonel Greg Malloy Rd., Crestview, FL 32539 and 160 Ferncliffe Drive, Rochester, NY 14621

00458864-1

VALENTI CAMPBELL TROHN TAMAYO & ARANDA
1701 South Florida Avenue
Lakeland, Florida 33803
P.O. Box 2369
Lakeland, FL 33806-2369
(863) 686-0043 (phone)
(863) 616-1445 (facsimile)
Attorney for Defendant


By /s/ Jonathan B. Trohn
JONATHAN B. TROHN
  FL BAR #0880558
  j.trohn@vctta.com
  s.talcott@vctta.com
  k.cassata@vctta.com

00458864-1

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL
CIRCUIT OF FLORIDA, IN AND FOR POLK COUNTY

DOYE L. HEARD

          Plaintiff,

vs.                                 CASE NO:   2015-CA-4168
                                        Sec.         15

PUBLIX SUPERMARKETS
NEW LEAF MARKETS, INC., et. al.,

          Defendants.
_____/

## MOTION TO QUASH SERVICE OF PROCESS

The undersigned counsel for the Defendant, PUBLIX SUPERMARKETS ("Publix"), moves the Court to enter an order quashing Plaintiff's purported service of process. More specifically, Defendant would show the following:

1.    On November 23, 2015, Plaintiff, a pro se litigant, filed a "Tort Complaint Civil Action" against Defendants requesting $7,500,000.00 in damages for "fraud, resulting in False Imprisonment, cruel and unusual punishment and violation of Plaintiff's right to liberty".

2.    On December 8, 2015, Publix received a copy of the "Tort Complaint Civil Action", a Notice of Commencement of Action, and an unexecuted Waiver of Service Form via US Mail.

3.    While it appears that Plaintiff had a summons issued on December 9, 2015, no summons was ever properly served upon Publix or any of its agents, employees, managers, or directors.

4.    Plaintiff's attempted service of the "Tort Complaint Civil Action" by mail is insufficient under both Section 48.081, Florida Statutes and Florida Rule of Civil

00458864-1

Procedure 1.070, and therefore void. *Transp. & Gen. Ins. Co., Ltd. v. Receiverships of Ins. Exch. of Americas, Inc.*, 576 So. 2d 1351, 1352 (Fla. 1st DCA 1991); *Nationsbank, N.A. v. Ziner*, 726 So. 2d 364, 366 (Fla. 4th DCA 1999).

5.     Any statutes creating an exception to personal service are strictly construed, as due process concerns are implicated, and failure to comply with the procedural requirements contained therein renders any attempted service insufficient and without effect. *Chapman v. Sheffield*, 750 So. 2d 140, 142 (Fla. 1st DCA 2000).

WHEREFORE Defendant, PUBLIX SUPERMARKETS, respectfully requests that this Court quash Plaintiff's initial process as insufficient.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of March, 2016 I electronically filed the foregoing with the Clerk of Court using the E-Portal system which will automatically transmit a copy to:  Jason Taylor, Esq., jtaylor@mcconnaughhay.com (attorney for New Leaf Market, Inc.), and that a copy has been mailed by Regular U.S. mail to Doye L. Heard, Okaloosa Correctional Institution, 3189 Colonel Greg Malloy Rd., Crestview, FL 32539 and 160 Ferncliffe Drive, Rochester, NY 14621

VALENTI CAMPBELL TROHN TAMAYO & ARANDA
1701 South Florida Avenue
Lakeland, Florida 33803
P.O. Box 2369
Lakeland, FL 33806-2369
(863) 686-0043 (phone)
(863) 616-1445 (facsimile)
Attorney for Defendant


By /s/ Jonathan B. Trohn
JONATHAN B. TROHN
 FL BAR #0880558
 j.trohn@vctta.com
 s.talcott@vctta.com
 k.cassata@vctta.com

00458864-1

IN THE CIRCUIT COURT OF THE TENTH (10TH) JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, BARTOW, FLORIDA

DOYE L. HEARD,
     Plaintiff,

v.                                     Case No: 2015-CA-4168

PUBLIX SUPERMARKETS,
NEW LEAF MARKETS, INC., ETC., ET., AL.
     Defendants
_____/

### OBJECTIONS TO DEFENDANT'S
### MOTION TO QUASH SERVICE PROCESS

(1) The Plaintiff, a *pro-se* litigant, response, reply and answer Defendant (Publix's) Motion to Quash Service of Process. The Motion is procedurally barred, by estoppel (silence) failure to make timely appearance. Defendant may over-come estoppel, by show of good cause and in good faith.

(2) The Plaintiff would aver the motion, as filed lacks good cause and good faith. Service of the complaint and summons were perfected by the Sheriff's Office of the Tenth (10th) Judicial Circuit, Polk County, Lakeland, Florida and the Honorable Office of the Clerk of the Tenth (10th) Judicial Circuit Courthouse as required by law. (Please see attachments hereto, submitted as proof of proper service process). Per (Form 1.902) and (Fla. Rule Civ. P. 1.070(b)).

(3) Defendant's silence ("failure to appear") within the time allotted by the Florida Rules of Court, specifically (Rule 1.140) act as a defacto waiver (Rule 1.140(h)(1)) and no other further defenses may be raised, entered into these proceedings. The Plaintiff has requested a trial by jury and does not waive that option.

(4) Defendant's reliance on <u>Transport & General Insurance Company, LTD v. Receiverships</u>, 576 So.2d 1351, 1352, is misplaced. In the instant case, the Plaintiff executed proper service -via- form 1.902, and Fla. Rule 1.070(b). Proper service was made at the Corporate Headquarters, 3300 Publix Supermarkets, Corporate Office. Plaintiff did not "substitute service" nor did Plaintiff "create an exception to the general (Rule 1.070(b)) process, as used in <u>Chapman v. Sheffield</u>, 750 So.2d 140, 141 (1 DCA 2000). The argument of (120) days lapse prior attempt(s) to serve Defendant, is also, likewise inapplicable in this case, as used in <u>Nationsbank, N.A. v. Ziner & Mark</u>, 726 So.2d 364.

Whether process of service was lost, misplaced, confused, mistaken or destroyed, does not negate the process was properly, timely executed December 9th, 2015.

WHEREFORE, the twenty (20) days governing the Defendant's motion to quash service process has expired, December 29th, 2015, the motion should be denied, as untimely.

Respectfully submitted,

/s/ _Doye L. Heard_
Doye L. Heard

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's "Objection to Defendant's Motion to Quash Service of Process," has been furnished and supplied-via-by U.S. Mail, this 30th day of March, 2016, to: Jonathan B. Trohn, Esq., Attorney for Defendant Publix Supermarkets, at 1701 South Florida Avenue, Lakeland, Florida 33803, and to: Jason C. Taylor, Esq., Attorney for Defendant New Leaf Markets, Inc., at 1709 Hermitage Blvd., Suite 200, Tallahassee, Florida 32308.

Respectfully submitted,

/s/ *Doye L. Heard*

Doye L. Heard
DC# 079390
Okaloosa Correctional Institution
3189 Colonel Greg Malloy Road
Crestview, Florida 32539-6708

C/o   Doye L. Heard
160 Ferncliffe Drive
Rochester, New York 14621

3



**Stacy M. Butterfield**

*Clerk of the Circuit Court and County Comptroller*
*Polk County, Florida*

Drawer CC-12
Post Office Box 9000
Bartow, FL 33831-9000

(863)534-4556 Phone
(863)534-4045 Fax

www.polkcountyclerk.net

Civil Law

Date: December 9th, 2015

To:     Doyle L. Heard DC#0-079390
        Holmes Correctional Institution
        3142 Thomas Drive
        Bonifay, FL.  32425

Case Number: <u>2015CA-004168-0000-00</u>       Packet Sent ___

_____ The application/affidavit you submitted has been superseded. You will need to complete and submit a new application form (attached).

_____ You need to provide your pleadings (law suit) for us to be able to determine costs, and file the case. The packet you requested (if applicable) is attached for your use. We cannot open a case file without a petition or other pleadings.

_____ Your prison account information is missing or is not up-to-date. Please re-submit the account information for the latest 6 months of information (or for the period of your incarceration if less than 6 months).

_____ You indicated you have been determined indigent more than twice in the last three years. By law, before the Clerk can determine you indigent for costs you must be granted leave of court to proceed with your suit. Please see the attached document.

____ Your request for indigent status has been approved. Your pleadings have been filed.

__x__ Other: Enclosed for service: issued summons for defendants, copies of the complaint for each defendant's service packet, and certified copies of the granted indigent application.

If you need further information from the Clerk's Office, you may call customer service at (863)534–4556.

Sincerely,
STACY M. BUTTERFIELD, CPA
Clerk of the Circuit Court

By: _____ Deputy Clerk

*The Mission of the Office of Clerk of the Circuit Court is to function as a team dedicated to our customers by*
*preparing and maintaining accurate records, furnishing assistance in an understanding and compassionate manner, and*
*providing services with competence, professionalism, and courtesy in compliance with laws, rules and regulations.*

IN THE CIRCUIT COURT FOR THE TENTH (10TH) JUDICIAL CIRCUIT
IN AND FOR
POLK COUNTY
BARTOW, FLORIDA

DOYE L. HEARD
    Plaintiff,

v.                           Case No.: *2015-CA-4168*

PUBLIX SUPERMARKETS
NEW LEAF MARKETS, INC., et.al.,
    Defendant(s).

## SUMMONS

        The State of Florida:
        To each Sheriff of the,
        State of Florida
        County of Bartow & Leon County, Fl.

**You are Commanded** to serve this summons and a copy of the complaint in this action on Defendant(s) Publix Supermarket and New Leaf Market, Inc.

Each Defendant is required to serve written Defenses to the Complaint on, Doye L. Heard, Plaintiff's whose address is *3142 THOMAS DRIVE, HOLMES C.I., BONIFAY, FL. 32425*, within twenty (20) days after service of this summons on that [the] Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff or Plaintiff's Attorney or immediately thereafter. If a Defendant fails to do so, a default

1

will be entered against that Defendant for the relief dem—
in the complaint.

Dated on _December 9, 2015_____

Stacy M. Butterfie⊏

A Clerk of the ⊏

By _____

As Deputy ⊏

DEF:
PUBLIX SUPERMARKET, CORPORATE OFFICE
3300 PUBLIX CORPORATE PARKWAY
LAKELAND, FLORIDA 33811

NEW LEAF MARKET, INC.
1235 APALACHEE PARKWAY
TALLAHASSEE, FLORIDA
      32301

2

will be entered against that Defendant for the relief demanded in the complaint.

Dated on _____December 9, 2015_____.

Stacy M. Butterfield
A Clerk of the Court

By _____

As Deputy Clerk

DEF:
Publix Supermarket, Corporate Office
3300 Publix Corporate Parkway
Lakeland, Florida 33811

New Leaf Market, Inc.
1235 Apalachee Parkway
Tallahassee, Florida
   32301

2

will be entered against that Defendant for the relief demanded in the complaint.

Dated on ___December 9, 2015___.

Stacy M. Butterfield

A Clerk of the Court

By _____

As Deputy Clerk

DEF:

PUBLIX SUPERMARKET, CORPORATE OFFICE
3300 PUBLIX CORPORATE PARKWAY
LAKELAND, FLORIDA 33811

NEW LEAF MARKET, INC.
1235 APALACHEE PARKWAY
TALLAHASSEE, FLORIDA
                33301

2

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

DOYE L. HEARD -AKA-
DOYLE L. HEARD,
    PLAINTIFF,

v.                         Case No.: To Be Designated

PUBLIX SUPERMARKETS INC.,
NEW LEAF MARKETS INC., et. al.,
    DEFENDANT(S).

_____/

### Relation Back Amendment to Original Civil Rights Complaint Pursuant to Fed. R. Civ. P. (9(b), 11 and 15(c)) fraud, in Accordance with Titles 28 U.S.C. Section 1331, Section 1441(b)

COMES NOW, the Plaintiff/Complainant, Mr. Doye L. Heard, to commence amendment to the original civil rights cause in accordance with the federal title 28 U.S.C. Section 1331, as conduct, transaction(s) or occurrences set out or attempted to be set out in the original pleading arose out of the same continuous, perpetual civil rights violations presented in the original complaint set-forth in the statement of facts, under the constitution, laws, or treaties of the United States, defined as <u>fraud</u>, intentional misrepresentation of material facts, mistake and/or malicious, vindictive, deliberate deceit, fraudulent intent to cause the plaintiff harm, injury, pain

suffering and mental anguish, (to and on) the plaintiff, the plaintiff's family, friends and associates; causing a direct threat to the life, liberty and property of anyone found in the company or immediate vicinity of the plaintiff, by fraudulently labelling, identifying the plaintiff as a "fugitive from justice," high risk dangerous, to be apprehended dead or alive; when in fact, the alleged warrant issued April 11th, 2012; has and has always been proven to be "fraud, bogus, counterfeit," predicated on false, misrepresentation, untruths and a part of the continuous scheme, fabricated conspiracy between the Defendants, manufactured to intentionally, purposefully to cause harm to, injury to, pain and suffering to, ultimately imprisonment and possibly death to the plaintiff/complainant, in violation and total complete disregard of his constitutional civil rights, while acting under color of state and federal law(s).

### STATUTE OF LIMITATIONS

The governing Florida statute(s) section(s) 95.051 (2012) and 95.11 (2012) the controlling year the Defendant(s) initiated by filing the fraudulent arrest/fugitive warrant placing the plaintiff's life, liberty and property in jeopardy is "grandfathered in" and allows a

period of twenty (20) years for the offense violations occurrences claimed. The last act, even or occurrence "element", giving rise to the amendment complaint is/was the issuance of the extraordinary Writ of Habeas Corpus, granting the plaintiff relief/release from the unlawful detention; brought on, as the result of the fraudulent filing and issuance of the fugitive arrest warrant of the Defendants.

The extraordinary writ as alleged, proved clear and convincingly, the plaintiff's arrest based on the Defendant(s) acts, actions deceit and conspiracy of the bogus fraudulent warrant was/is unfounded, unsupported and a violation of the plaintiff's constitutional civil rights, as initiated by the Defendants acting under color of state laws, April 11, 2012. The warrant arrest triggered an alleged conditional release violation, that never occurred, F.S. 947.141(6), fraudulent Florida statutes section, 95.051 (2012) "When limitations tolled" (1). (d). states, subsection:

> "The adjudicated incapacity, before the cause of action accrued, of the person entitled to sue. In any event, the action must be begun within seven (7) years after the act, event, or occurrence giving rise to the cause of action; that is, "amendment".

(G). states, subsection:

3

"The pendency of any arbitral proceeding pertaining to a dispute that is the subject of the action." That is, "<u>The extraordinary writ pertaining to the fugitive warrant</u>."

## AUTHORITY AND BASIS FOR INVOKING CIVIL RIGHTS VIOLATION OF FED. R. CIV. P. 9(b)

Florida Rules of Civil Procedures, "pleading special matters", (12.120), Florida Statutes section(s) 95.051 and 95.11 (2012), states this matter/action may be brought within twenty (20) years of an action, cause determination, decision of a Court of record in the state of Florida. The Court(s) of record(s) determined, (2018, 2019 and 2019); In <u>Heard v. Publix Supermarkets Inc., et. al.</u>, first district Court of appeals (1DCA) Case No.: <u>258 So.3d 388 (2018)</u>, Florida Supreme Court, Case No.: <u>SC19-119(2019)</u> and the northern district, United States district Court, Case No.: <u>4:19-CV-17-RH-CJK (2019)</u>, for purpose of "a Court of record" in the State of Florida.

The original Case No.: 2015-CA-4168, transferred complaint, over plaintiff's objection, to an advantageous venue for Defendant(s), Leon County, Case No.: 2016-CA-2112 #6 <u>venue</u>, where Court opted to dismiss. The amended relations back complaint is filed under the original jurisdiction of the federal Court(s) in accordance with federal rules of civil procedure 9(b), rule (11) and 15(c), title 28 U.S.C.

4

section(s) 1331, 1441(b), 1443, 1445 and 1447, as these may apply to proceedings and "amend state complaint(s)" and "relations back of amendments Fed. R. Civ. P. (15) subsection(s) (c), (c)(1). Relates back, (A) applicable statutes of limitation(s) (B) arose out of original pleading and federal rules of civil procedures (9)(b) <u>fraud</u>.

"Whether Intrinsic <u>or</u> Extrinsic Misrepresentation"

### ADDITIONAL TO ORIGINAL STATEMENT OF FACTS AND FRAUD, ORIGINAL HEREBY INCORPORATED

In addition to an in conclusion of, the facts, occurrences, statements present by and through the original civil rights complaints, "<u>TORT</u>" complaints hereby incorporated, as an on going perpetual scheme of "<u>Fraud</u>", designed, implemented, implored, fabricated and carried out to the plaintiff's detriment; resulted in over-more than ten (10) years of wrongful, false, deceptive imprisonment, triggered by the Defendant's filing, lodging, the mechanism counterfeit bogus, fraudulent fugitive arrest warrant, in the circuit Court of the second judicial circuit, in and for, Leon County Florida, on or about April 11th, 2012 Case No.: 2012-CF-1149, (spn.) 223828.

The acts and actors, the Defendants, knew or should have known that the alleged, allegations, accusations as presented as factual and sworn to be true, were in fact, false, misrepresentations of material facts for sole purpose to cause harm, injury, pain and suffering, wrongful imprisonment of the plaintiff. The Defendants conspired actions were willful, intentional deceit, sworn to under oath and a misrepresentation of the plaintiff's actions, conduct blatant fraud.

The Defendants had and have a responsibility to present truthful, accurate, reliable, verifiable information and evidence to the Florida judicial system, before and at the time filing fugitive arrest warrants, against U.S. citizens. No caution, regard for the rights of safety of the plaintiff was given before filing the felony fugitive arrest warrant. On or about, April 11th, 2012, the warrant issued on or about April 2, 2014, the plaintiff was apprehended -arrest was allegedly, "passing worthless bank check." (P.W.B.C.) in Dekalb County Georgia. The apprehension was <u>without</u> formal official arrest. The plaintiff was to be held detained for a period of ninety (90) days, pending a hearing for extradition. The warrant's detention should

6

have expired, June 27, 2014, the detention, detainment was unlawfully extended until June 30th, 2014.

On or about, June 30th, 2014 at (9:00 AM), the Leon County Sherriff Department came by transport van, to the Dekalb County Jail facility to execute transport back to Tallahassee, Leon County, Florida, based on the expired extradition warrant, Case No.: 12-CF-1149. On or about, October 15th, 2014, the Leon County criminal judicial system dismissed the alleged charge of (P.W.B.C.)

At no time was the plaintiff formally officially or legally arrested, arraigned and/or released from April 11th, 2012 until October 15th, 2014, to constitute or be labelled as a "fugitive". Documents used by the Leon County sheriff's office stated "Leon County Sheriff Deputites" arrested the plaintiff, in or at the Dekalb County, Georgia facility. No jurisdiction, authority or constitutional provision granted, the Leon County Sheriff Department deputies' jurisdiction in the Dekalb County Georgia facility to make arrest. If an arrest, arraignment or initial formal proceeding took place against the plaintiff, Doyle L. Heard, in and for the counties of Leon Florida, Dekalb Georgia for the alleged felony fugitive arrest warrant, a _record_ of the (these) proceedings _must_ exist. No record exists because it "_never_

happened". Federal jurisdiction is invoked based on removed cross state lines, intrinsic extrinsic causes of action. Plaintiff established venue in "Polk County Florida" originally.

> "It is established Rule of Venue; that it is, Plaintiff's prerogative to select venue and, as long as, selection is one of alternative's provided by statute, plaintiff's selection will not be disturbed."